## 53820. NORMAN v. DANIELS.

ARGUED MAY 4, 1977 — DECIDED MAY 13, 1977 —
REHEARING DENIED MAY 31, 1977 —

*Scheer & Elsner, Robert A. Elsner, Michael Weinstock,* for appellant.

*Long, Weinberg, Ansley & Wheeler, Charles E. Walker, Dan B. Wingate,* for appellee.

DEEN, Presiding Judge.

Ga. L. 1972, p. 882, amended Code Ann. § 56.407.1 by adding a new subsection (e) by providing that where the owner or operator of a vehicle causing injury or damage is known and is named as a defendant in an action "but such person resides out of the State, or has departed from the State, or *cannot after due diligence be found within the State,* or *conceals himself to avoid the services* [*sic*] *of summons,* and this fact shall appear by affidavit to the satisfaction of the judge of the court, and it shall appear either by affidavit or by a verified complaint on file that a claim exists against the owner or driver in respect to whom service is to be made, and that he is a necessary or proper party to the action, such judge may grant an order that the service be made on the owner or driver by the publication of summons. A copy of any action filed and all

pleadings thereto shall be served as prescribed by law upon the insurance company issuing the policy as though such insurance company were actually named as a party defendant. The provisions of subsection (d) of this section shall govern the rights of the insurance company, the duties of the clerk of court concerning duplicate original copies of the pleadings, and the return of service." Subsection (d) provides for a John Doe action with service on the insurer "as though such insurance company were actually named as a party defendant," from which it appears that the insurance company receives the same notice whether the tortfeasor is unknown or whether his identity (actual or putative) is known but he is not to be found, and therefore cannot be served. As stated in *Houston v. Doe,* 136 Ga. App. 583 (222 SE2d 131): "The Uninsured Motorist Act does not create a new *right* in plaintiffs to sue an uninsured owner or driver of another vehicle; it merely provides a new *procedure* whereby such plaintiffs may recover their losses from their own insurer whether the real defendant's identity be known or not." Since the injured plaintiff may recover from his own uninsured motorist insurance carrier where the tortfeasor is a hit and run driver who has disappeared from view without revealing his identity by service on the insurer only, it follows that such service is not a denial of due process, and the result which accrues is that the insurer becomes the defendant in fact. If the insurer, even after judgment and payment, should discover the identity of the tortfeasor, it is of course subrogated to the plaintiff's rights, but the plaintiff has in no meaningful sense either served or obtained a judgment against the tortfeasor by his John Doe action.

Equally, where the alleged tortfeasor has disclosed a name and address, and is not to be found at such address, or the name, because it is an alias or because he has absconded, cannot be linked to a real person, and diligent inquiry fails to turn him up anywhere, such defendant is in truth and in fact an unknown motorist, and the provisions of Code Ann. § 56.407.1 (e) should be applied so as to allow the action against the insurer to proceed. The statement in *Quattlebaum v. Allstate Ins. Co.,* 119 Ga. App. 791 (2) (168 SE2d 596) to the effect that a motorist

whose identity is known does not become "unknown" within the meaning of the statute merely because his whereabouts is unknown was perfectly true prior to the 1972 amendment because there was no statutory framework under which the action could proceed, a situation which, of course, was the reason for enacting the new subsection (e) above quoted.

■ (a) The collision which is the basis for this suit occurred September 12, 1973. The suit was filed July 31, 1974. The insurer was promptly served. As to the named tortfeasor, the sheriff returned a non est inventus and the record contains an affidavit in support of a motion for order of publication in accordance with Code § 81A-104 (e) (1) and other facts including inquiries directed to neighbors, skip-trace, police and motor vehicle departments, etc. which yielded no results. An order for publication was made and later rescinded, and this latter order is enumerated as error. A Georgia court cannot render an in personam judgment against a nonresident of this state (*Young v. Morrison,* 220 Ga. 127 (137 SE2d 456)). In *Railey v. State Farm Mut. Auto. Ins. Co.,* 129 Ga. App. 875 (201 SE2d 628), the only case construing the provisions of the 1972 amendment to Code § 56-407.1 (e), it was held that where the tortfeasor was known, and was a resident of Georgia at the time of the injury but subsequently moved to a stated address in another state of which he is now a resident, service by publication would be insufficient to grant jurisdiction in Georgia for due process reasons. Here, too, the service by publication is totally insufficient to serve as the basis for an in personam judgment against the tortfeasor, but since, as we construe the procedural statute, if the alleged tortfeasor cannot be located he is in the same category as an unknown for purposes of the suit, service on the *insurer* would be both timely and sufficient, provided the other statutory qualifications are met.

A number of cases have held that a judgment against the known tortfeasor is a condition precedent to judgment against the uninsured motorist insurer. *Turner v. Associated Indem. Corp.,* 113 Ga. App. 225 (147 SE2d 788); *Gulf Am. Fire &c. Co. v. McNeal,* 115 Ga. App. 286 (154 SE2d 411); *Quattlebaum v. Allstate Ins. Co.,* 119 Ga.

App. 791 (1), supra. These cases preceded the 1972 amendment at a time when there was no statutory machinery for proceeding against the carrier. The statement is reiterated in *Goolsby v. Allstate Ins. Co.,* 130 Ga. App. 881 (2) (204 SE2d 789), but that case was reversed for a finding of whether or not the judgment against the known tortfeasor had in fact been obtained, the pleadings being silent on the issue. The requirements of the 1972 amendment were not involved as that procedure had not been followed.

The provisions in Code Ann. § 56-407.1 (e) for publication of summons where the alleged tortfeasor has absconded cannot be efficacious to serve as the basis for an in personam judgment against him, but this need not concern us. It simply means that, as to the insurer who has itself been timely served, the publication serves as notice and is by the terms of the statute substituted for the in personam service on the tortfeasor as a condition precedent to judgment against such insurer.

(b) It was error to void a prior order granting publication of summons, assuming that proper diligence was shown in the attempt to trace down the owner or operator of the vehicle and was followed by publication of summons. This is a question of fact which addresses itself in the first instance to the discretion of the trial court ("and this fact shall appear by affidavit to the satisfaction of the judge of the court, and it shall appear. . . that a claim exists"). We cannot ascertain from examination of the order dismissing the complaint whether it was for this reason or one of the others urged by the appellee. We accordingly reverse the case but give direction that the defendant insurer may, if it so desires, contest the motion for order of publication of summons. One appropriate way of doing this would be by motion for summary judgment in which it could present evidence, if such was available, of lack of diligence or of other facts such as the location of the tortfeasor to defeat the motion. We repeat that such a hearing is no foundation for an in personam judgment against the tortfeasor, but it serves the purpose of verifying that he has in fact disappeared so that the action may proceed against the insurer.

(c) It is also contended that since the named

defendant Daniels has not been served and more than two years have elapsed since the collision that the action is dismissable because of the bar of the statute of limitation. However, the action was timely filed and the insurer was timely served. The situation then becomes in effect, providing the statutory procedures are followed, analogous to *Wilkinson v. Vigilant Ins. Co.,* 236 Ga. 456 (224 SE2d 167), where no judgment could be obtained against a defendant tortfeasor because of his discharge in bankruptcy. The court held: "Since no liability can attach to the known uninsured, the action should have been allowed to proceed as though it were a John Doe action and the insured can establish 'all sums which he shall be legally entitled to recover as damages,' caused by the uninsured motorist."

*Judgment reversed. Webb and Marshall, JJ., concur.*