## A90A0288. COTTON STATES MUTUAL INSURANCE COMPANY v. BOGAN.

(392 SE2d 33)

BIRDSONG, Judge.

This is an interlocutory appeal of the trial court's order denying appellant's motion to dismiss the uninsured motorist carrier, or in the alternative, motion for summary judgment.

Appellant's motion alleged insufficient service of process upon the uninsured motorist and itself as uninsured motorist carrier.

Appellee's suit was for injuries sustained at some point during two successive automobile collisions. On April 7, 1986, appellee's car was struck by uninsured motorist Tate. While appellee and Tate were discussing the accident, a car driven by defendant Owen struck appellee.

Appellee initiated suit on April 6, 1988; one day before the two-year statute of limitation expired. On April 11, 1988, appellee obtained personal service of process on Owen. However, Tate apparently had departed the area and could not be found. An affidavit in the record reflects that appellee employed a private investigator to locate Tate, but that as of July 13, 1989, investigative efforts had not been successful. The affidavit, although listing certain action taken by the investigators and asserting that appellee's attorneys have made inquiry as to whether the investigator has located Tate, fails to list the dates or the frequencies of such actions and inquiries.

In denying the motion, the trial court entered certain findings of fact and conclusions of law on July 14, 1989. Among those pertinent findings of fact were that Tate had never been personally served and has never been served by publication; that appellant was served on April 28, 1988; and, that appellee filed an affidavit from the investigator who *generally* stated he had tried to find Tate without success and that investigation continues. The trial court, inter alia, reached the legal conclusions that the failure of appellee to serve defendant Tate within 463 days after the expiration of the statute of limitation, either personally or by publication, does not require dismissal of either the defendant Tate or the uninsured motorist carrier; and, that "[l]ack of service to this date [July 14, 1989] does not matter." *Held*:

The trial record reveals that the trial court apparently was laboring under the misapprehension that lack of service on the uninsured motorist was not required as of the date of its order, on the basis that service on the uninsured motorist was not a condition precedent to maintaining a suit against the uninsured motorist carrier.

We disagree and find that at the time the order denying appellant's motion to dismiss was entered, appellee had not fulfilled the statutory *condition precedent* of perfected service against the missing uninsured motorist tortfeasor Tate.

Clearly appellee could have proceeded to seek the trial court's authorization to serve the missing tortfeasor by publication. See generally OCGA § 33-7-11 (e); *Wentworth v. Fireman's Fund &c. Ins. Co.*, 147 Ga. App. 854, 855 (250 SE2d 543). "Such service does not serve as the foundation for an in personam judgment against the tortfeasor, but it does serve *as a condition precedent* for recovery against the uninsured motorist carrier." Id. at 855; compare *Smith v. Phillips*, 172 Ga. App. 459 (1) (323 SE2d 669) and *Norman v. Daniels*, 142 Ga. App. 456 (236 SE2d 121).

In *Chitwood v. Southern Gen. Ins. Co.*, 189 Ga. App. 697 (1) (377 SE2d 210), the majority of this court held that the Uninsured Motorist Act "requires that, as a *condition precedent* to initiation of a suit against the uninsured motorist carrier, the insured first pursues an action against the uninsured motorist to judgment. *If* that judgment is void on its face for insufficient service, it is subject to collateral attack by the uninsured motorist carrier. *If*, however, the underlying judgment shows on its [face] that service was perfected, whether by personal service on the uninsured motorist *or by authorized publication*, it is not subject to collateral attack for insufficient service." (First and last emphasis supplied.)

In a four-judge special concurrence, in *Chitwood*, it was further noted that although the plaintiffs were aware that personal service on the uninsured motorist was inadequate, they did not initiate service by publication as set forth in OCGA § 33-7-11 (e). Id. at 702. The concurring judges then concluded that "[d]espite the unavailability of the known tortfeasor, the insured *cannot proceed directly against the insurer* but instead, in order to pursue his claim against his own insurer, must obtain a nominal judgment either by a John Doe proceeding or by means of service by publication, so as to fulfill the statutory condition precedent." (Emphasis supplied.) Id. at 703.

Moreover, "the filing of an answer [and motion to dismiss, or in the alternative, a motion for summary judgment] by Cotton States in its own name did not by itself eliminate the requirement that a judgment first be obtained against [the uninsured motorist]." See *Jones v. Cotton States Mut. Ins. Co.*, 185 Ga. App. 66, 68-69 (363 SE2d 303). Obviously, the requirement that judgment be obtained as a condition precedent presupposes that such judgment will be valid and that jurisdiction was obtained over the uninsured motorist by perfected service of process.

Accordingly, we conclude that the trial court erred in holding that lack of service of process upon the uninsured motorist did not

matter.

Appellee, however, argues that since it finally obtained personal service of process on the uninsured motorist on July 24, 1989, it no longer was required to effect service by publication. We agree that an uninsured motorist need not be both personally served and served by publication. However, "[w]here service is made after the expiration of the . . . statute of limitation, the timely filing of the complaint tolls the statute only if 'the plaintiff (shows) that he acted in a *reasonable and diligent* manner in attempting to insure that a proper service was made *as quickly as possible.*' " (Emphasis supplied.) *Forsyth v. Brazil,* 169 Ga. App. 438 (313 SE2d 138).

Appellee argues that the trial court held that she acted with due diligence in *attempting* to perfect service. We disagree. Review of the trial court's order reflects that it made no express finding that appellee acted diligently. Rather, the trial court predicated its ruling on its erroneous determination that no service of process was necessary.

Appellee's brief makes reference to an affidavit that is attached thereto as Exhibit "A." No such document is attached. But, in any event, a brief or an attachment thereto cannot be used as a procedural vehicle for adding evidence to the record. *Johnson v. Wade,* 184 Ga. App. 675 (1) (362 SE2d 469). " ' "We must take our evidence from the record and not from the brief of either party." ' " Id. at 676.

From a cursory examination of the state of the record before us, it would appear that appellee *currently* has failed to meet its burden of establishing that it has acted reasonably and with due diligence in this matter — particularly, in view of the lapse of time involved in this case and the very general nature of the affidavit of the investigator employed by appellee which fails to establish the dates and frequencies of the acts taken to find Tate. Compare *Deal v. Rust Engineering Co.,* 169 Ga. App. 60 (311 SE2d 499) and *Freemon v. Dubroca,* 177 Ga. App. 745 (341 SE2d 276). However, as the trial court has not had an adequate opportunity to address this issue, we will not wrest it from the bosom of that court, but instead will remand this case for a resolution of whether appellee, under the totality of the circumstances, has acted reasonably and with due diligence in its attempt to perfect service on the uninsured motorist.

*Judgment reversed and case remanded with direction. Banke, P. J., and Cooper, J., concur.*

DECIDED MARCH 12, 1990.

*Van Gerpen, Shigley & Hoffman, Kenneth L. Shigley, Kevin O. Skedsvold,* for appellant.

*McNally, Fox, Mahler & Cameron, Randall K. Coggin, Cham-*

*bers, Mabry, McClelland & Brooks, Wilbur C. Brooks,* for appellee.

