A92A2409. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY v. NOBLE.
(430 SE2d 804)

COOPER, Judge.

Appellee was injured in an automobile accident allegedly caused by the negligence of Vaccaro, an uninsured motorist. Appellee sued Vaccaro and served appellant, her uninsured motorist carrier, with a copy of the action as required by OCGA § 33-7-11 (d). Appellant answered in its own name, but Vaccaro left the state and was never personally served. After filing an affidavit showing her due diligence in attempting personal service on Vaccaro, appellee obtained an order from the court allowing service by publication. See OCGA § 33-7-11 (e). Vaccaro, by special appearance, moved to dismiss the action against him for lack of jurisdiction, alleging that the service by publication was untimely and insufficient to convey jurisdiction. The trial court denied this motion, holding that appellee's service by publication was timely and sufficient but conceding that it was without jurisdiction to enter an in personam judgment against Vaccaro. Vaccaro then filed the same motion again. This time the trial court reached the same conclusions with respect to timeliness and jurisdiction but dismissed Vaccaro on the ground that appellant was the proper defendant to the action because it answered the complaint in its own name. Appellant then moved for summary judgment on the grounds

that a judgment against Vaccaro is a condition precedent to a judgment against appellant. The trial court denied the motion, and we granted appellant's application for interlocutory appeal to consider whether summary judgment should have been granted to appellant after Vaccaro was dismissed from the action.

" 'This court has interpreted the Uninsured Motorist Act to require, as a condition precedent to a suit against the insurance carrier, that the insured first sue and recover a judgment against the uninsured motorist, whether known, or unknown.' (Cit.)" *Boles v. Hamrick*, 194 Ga. App. 595 (391 SE2d 418) (1990). Until 1972, if for any reason a known uninsured motorist could not be personally served, the condition precedent could not be met and the insured could not recover from his uninsured motorist carrier. The Legislature then amended the statute to allow service on the known uninsured motorist by publication upon a showing of due diligence on the part of the insured. See OCGA § 33-7-11 (e). Although service by publication would not provide the court with jurisdiction to enter an in personam judgment against the uninsured motorist, it would allow the court to enter a "nominal judgment"[1] against the uninsured motorist sufficient to satisfy the condition precedent. See *Cotton States &c. Ins. Co. v. Bogan*, 194 Ga. App. 824, 825 (392 SE2d 33) (1990); *Chitwood v. Southern Gen. Ins. Co.*, 189 Ga. App. 697, 703 (377 SE2d 210) (1988) (Sognier, J., concurring specially); *Norman v. Daniels*, 142 Ga. App. 456 (236 SE2d 121) (1977). It must be noted that the amendment did not eliminate the need to meet the condition precedent of a judgment against the uninsured motorist; it simply provided the means by which the condition precedent could be met. Moreover, despite appellee's assertions to the contrary, the uninsured motorist carrier's filing of pleadings in its own name also does not eliminate the requirement that a judgment be obtained against the uninsured motorist. *Boles*, supra at 596. See also *Bogan*, supra at 825; *Jones v. Cotton States Mut. Ins. Co.*, 185 Ga. App. 66 (1b) (363 SE2d 303) (1987).

In this case, appellee properly exercised due diligence and served the uninsured motorist by publication. However, before she could recover a judgment against him, the trial court dismissed him. Service by publication, though a necessary first step in cases of this sort, does not itself satisfy the condition precedent of a judgment against the uninsured motorist. We rejected the argument that actually obtaining a nominal judgment against the uninsured motorist after service by publication was unnecessary in *Smith v. Phillips*, 172 Ga. App. 459

[1] Such a judgment is nominal in the sense that it is not an in personam judgment against the tortfeasor; "the sole purpose of the 'judgment' is to fulfill the condition precedent in OCGA § 33-7-11. [Cits.]" *Chitwood v. Southern Gen. Ins. Co.*, 189 Ga. App. 697, 703 (377 SE2d 210) (1988) (Sognier, J., concurring specially).

(1) (323 SE2d 669) (1984). In *Smith* we stated that "[i]nasmuch as the statutory/judicial scheme which has evolved requires a determination of the uninsured motorist's tort liability before a UMC can be held accountable on its contractual obligation to its insured, we cannot agree . . . that entry of judgment against the tortfeasor/uninsured motorist is a meaningless step." Id. at 460. As the condition precedent to a judgment against appellant could not be fulfilled once the uninsured motorist in this case was dismissed, it was error to deny appellant's motion for summary judgment. *Boles*, supra.

Appellee argues that, unlike the dismissal in *Boles*, the trial court's dismissal of the uninsured motorist in this case was explicitly not based on the merits. Citing *Wilkinson v. Vigilant Ins. Co.*, 236 Ga. 456, 457 (224 SE2d 167) (1976), appellee contends that she should be allowed to proceed to judgment against her uninsured motorist carrier in this action "as though it were a John Doe action," without obtaining a judgment against the uninsured motorist, as long as the reason she cannot obtain a judgment against the uninsured motorist — the trial court's dismissal of him as a party — was not based on the merits of her claim against him. We first note that even in a John Doe action the insured cannot proceed against the uninsured motorist carrier directly. See, e.g., *Bogan*, supra at 825. Like service on the uninsured by publication pursuant to OCGA § 33-7-11 (e), a John Doe action pursuant to OCGA § 33-7-11 (d) is a procedural device designed to allow the insured to fulfill the condition precedent of a judgment against the uninsured motorist, not a means of avoiding or abrogating it. Moreover, if we accept appellee's suggested rule that an insured be able to proceed directly against the carrier (or even that he be able to bring a John Doe action) whenever he could not proceed to judgment against a known uninsured motorist for reasons unrelated to the merits of the claim, there would be no need for service by publication as provided in OCGA § 33-7-11 (e), and that statutory provision would be rendered meaningless. For whenever a known uninsured motorist could not be located or served, the insured would be unable to obtain a judgment against him for reasons unrelated to the merits of the claim, and the insured could simply proceed against the carrier (or sue John Doe). Rather, the rule exemplified by *Wilkinson* is that the condition precedent of a judgment against a known uninsured motorist must be met "unless there is some *legal bar to liability* on the part of the known uninsured motorist unrelated to the facts of the collision. See *Wilkinson*, supra (discharge in bankruptcy as legal bar to liability of known uninsured motorist under Bankruptcy Code); *Watkins v. United States*, 462 FSupp. 980, 990-991 (S.D. Ga. 1977) (status as driver for federal government as legal bar to liability of known uninsured motorist under Federal Driver's Act), aff'd 587 F2d 279 (5th Cir. 1979)." (Emphasis supplied.) *State Farm*

*&c.· Ins. Co. v. Harris*, 207 Ga. App. 8, 10 (427 SE2d 1) (1992). In other words, an insured must obtain at least a nominal judgment against a known uninsured motorist unless even a nominal judgment against him is barred by some immunity from suit such as bankruptcy; and where even a nominal judgment is barred, the insured cannot proceed directly against the carrier but must utilize the procedural device of a John Doe action. We agree with the dissent that the legislature did not intend for insurers to escape liability where a known insured cannot be personally served. However, we cannot ignore that the legislature provided a specific procedure for plaintiffs and courts to follow in order to establish insurer liability under such circumstances; and it is that procedure which must be utilized. In this case, the trial court's dismissal of the uninsured motorist on the grounds that the uninsured motorist carrier was the proper party, regardless of whether it was a dismissal on the merits, was not based on an immunity or "legal bar to liability" on the part of the uninsured motorist. Furthermore, the dismissal of Vaccaro left not a John Doe action, but an action directly against the carrier as the sole defendant. Accordingly, the trial court erred in relying· on *Wilkinson* to deny appellant's motion for summary judgment.

If appellee is unable to obtain a judgment against Vaccaro because Vaccaro has been dismissed, a judgment against appellant is precluded and its motion for summary judgment must be granted. However, because the order dismissing Vaccaro adjudicated "the rights and liabilities of fewer than all the parties" and the trial court did not expressly direct the entry of a final judgment in favor of Vaccaro, that dismissal order did not terminate the action as to Vaccaro and is subject to revision by the trial court at any time before final judgment or appeal to this court after final judgment. See OCGA § 9-11-54 (b). Thus, we vacate rather than reverse the judgment below and remand the case in order to allow the trial court, upon appropriate motion of appellee, to reconsider its dismissal of Vaccaro in light of this opinion.

*Judgment vacated and case remanded for further proceedings not inconsistent with this opinion. Birdsong, P. J., Beasley, P. J., Andrews and Johnson, JJ., concur. Pope, C. J., and Blackburn, J., dissent. McMurray, P. J., disqualified.*

BLACKBURN, Judge, dissenting.

The revised majority opinion holds that the trial court erred in failing to grant summary judgment to State Farm Mutual Automobile Insurance Company ("State Farm") and then, remands the case to allow the trial court the opportunity to eliminate the basis for State Farm's entitlement to summary judgment. This result is as flawed as the original result in that it makes the plaintiff's right to pursue his

statutorily mandated uninsured motorist claim discretionary with the trial court.

Where the uninsured motorist carrier has been personally served and the defendant-tortfeasor has been served by publication, the trial court has no authority to dismiss such defendant-tortfeasor solely on the basis that the uninsured motorist carrier has answered in its own name and it alone is the proper defendant, unless the plaintiff thereafter retains his right to prosecute his uninsured motorist claim pursuant to *Wilkinson v. Vigilant Ins. Co.*, 236 Ga. 456 (224 SE2d 167) (1976). If this is not so, then should the trial court elect not to vacate its order dismissing the defendant-tortfeasor, it would have no choice under the majority opinion but to grant summary judgment to State Farm. The majority opinion does not allow plaintiff's action to proceed as authorized by *Wilkinson v. Vigilant Ins. Co.*, supra. If the trial court elects not to reinstate the dismissed defendant-tortfeasor, and State Farm refiles its motion for summary judgment, which the trial court would have no choice but to grant, plaintiff would then be entitled to a direct appeal based upon the improper dismissal of Vaccaro by the trial court.

At that time, this court would be forced to address the same issue that can be resolved at this time, that is, was it error for the trial court to dismiss Vaccaro because it held State Farm was the proper defendant, in reliance upon *Wilkinson v. Vigilant Ins. Co.*, supra? This issue is properly before this court, because such dismissal did not harm the plaintiff under the trial court's ruling, but is made harmful by this court's holding that the trial court's reliance upon *Wilkinson v. Vigilant Ins. Co.* is misplaced. Where this court creates a harm to the plaintiff by the effect of its ruling (that the trial court's reliance on plaintiff's right to continue his uninsured motorist claim after dismissal of the defendant-tortfeasor, pursuant to *Wilkinson v. Vigilant Ins. Co.*, supra, was misplaced), it is authorized to do complete justice as the case may require (the reinstatement of Vaccaro).

There would be no basis for the grant of State Farm's motion for summary judgment, but for the grant by this court of its application for interlocutory appeal and subsequent ruling thereon. If this matter had not been interrupted at the interlocutory stage it would have proceeded to completion and all issues would have been directly appealable at that time. Where this court elects to so intercede, then complete justice must be done. "Piece-meal review is not favored by the courts." *Foley v. Shanahan*, 133 Ga. App. 262 (211 SE2d 367) (1974).

The effect of allowing the trial court to dismiss a defendant-tortfeasor under these circumstances, with the potential for a resulting summary judgment for the uninsured motorist carrier, is to emasculate the scheme of such coverage and to allow carriers to avoid that obligation for which they have been paid by the insured party.

Since Vaccaro is not personally liable for any judgment that might be rendered against him based upon a failure to obtain personal service, it would appear that the only defendant who benefits from this entire scenario is State Farm. There is an odious smell emanating from this case and one wonders for whose benefit the motion to dismiss Vaccaro was filed. Unfortunately, no proceeding to require proof of the attorney's authority to represent Vaccaro pursuant to OCGA § 15-19-7, was pursued in this case and is not a part of the record.

In this case, although the identity of the uninsured motorist was known, his whereabouts was not. With regard to uninsured motorists, it is well settled that "whereabouts unknown" is equal to "identity unknown." *Wentworth v. Fireman's Fund American Ins. Co.*, 147 Ga. App. 854 (250 SE2d 543) (1978); *Norman v. Daniels*, 142 Ga. App. 456 (236 SE2d 121) (1977). When an uninsured motorist's whereabouts is unknown, service by publication may be authorized, and although "[s]uch service does not serve as the foundation for an in personam judgment against the tortfeasor, . . . it does serve as a condition precedent for recovery against the uninsured motorist carrier." *Wentworth v. Fireman's Fund American Ins. Co.*, supra at 855.

The plaintiff/appellee here unsuccessfully attempted personal service upon Vaccaro in Georgia, Florida, and Texas. Satisfied that the appellee had diligently attempted that personal service, the trial court entered an order allowing service by publication in accordance with OCGA § 33-7-11 (e). The efficacy of service by publication was demonstrated by the fact that, whereas extensive efforts to serve Vaccaro personally in three states had failed to uncover his whereabouts, this service by publication resulted in a special appearance by Vaccaro through counsel to contest personal jurisdiction in the action.

Service on Vaccaro by publication was proper, and the trial court correctly denied Vaccaro's motion for judgment on the pleadings asserting lack of personal jurisdiction and insufficient service. Subsequently, however, the court dismissed Vaccaro as a party defendant, solely because State Farm answered in its own name and thus became a party in the action under OCGA § 33-7-11 (d). State Farm then moved for summary judgment on the grounds that Vaccaro's dismissal precluded obtaining a judgment against him, and thus eliminated the condition precedent for State Farm's liability as uninsured motorist carrier.

In accepting State Farm's argument, the majority opinion errs in relying upon *Boles v. Hamrick*, 194 Ga. App. 595 (391 SE2d 418) (1990), and attempting to distinguish *Wilkinson v. Vigilant Ins. Co.*, supra. In *Boles*, the uninsured motorist was dismissed from the action *on the merits*, which necessarily relieved the uninsured motorist carrier of any liability. *Boles* is readily distinguishable from the instant

case, inasmuch as the trial court specifically emphasized that the dismissal of Vaccaro was not on the merits.

In *Wilkinson*, where liability could not attach to the uninsured motorist because of his discharge in bankruptcy unrelated to the merits of the claim, the Supreme Court held that "the action should have been allowed to proceed [against the uninsured motorist carrier] *as though it were* a John Doe action. . . ." (Emphasis supplied.) Id. at 457. Contrary to the majority opinion, *Wilkinson* does not require a "legal bar to liability" in order to proceed "as though it were a John Doe action." *Wilkinson* states: "Thus, it is seen that the insurance company is the real party in interest and not the uninsured motorist. . . . *Since no liability can attach to the known uninsured*, the action should have been allowed to proceed as though it were a John Doe action and the insured can establish 'all sums which he shall be legally entitled to recover as damages,' caused by the uninsured motorist. The Court of Appeals erred in affirming the grant of summary judgment in favor of the insurance company." (Emphasis supplied.) Id. at 457. In the subject action, no liability can attach to Vaccaro because he has not been personally served; in *Wilkinson*, no liability could attach to the defendant-tortfeasor because of his discharge in bankruptcy. Nothing in *Wilkinson* restricted its application to those instances in which some legal bar to liability existed. Also, in *Wilkinson*, the uninsured motorist's avoidance of liability did not result from a determination on the merits in the claim. Cf. *State Farm &c. Ins. Co. v. Harris*, 207 Ga. App. 8 (427 SE2d 1) (1992). In the instant case, Vaccaro's dismissal similarly was not on the merits, and the trial court properly followed *Wilkinson* in denying State Farm's motion for summary judgment.

The majority opinion remands the matter so that the trial court can reconsider its dismissal of Vaccaro, if requested by the appellee. This fashioning a remedy, albeit more tolerable than granting summary judgment for State Farm, is unnecessary because *Wilkinson v. Vigilant Ins. Co.*, supra, adequately cures the trial court's erroneous dismissal of the uninsured motorist, if it be such. Also, the majority opinion's remand with direction does nothing to resolve *the issue created by this court's holding*.

In summary, the trial court's dismissal of Vaccaro was expressly not on the merits, and resulted from its belief that State Farm's inclusion as a named party defendant rendered Vaccaro's continued presence in the action unnecessary. However, the appellee had done all that was possible to serve Vaccaro personally, and finally resorted to service by publication which was authorized by the trial court. Under those circumstances, the appellee should not lose the possibility of redress provided by the uninsured motorist law, merely because of the trial court's erroneous dismissal of Vaccaro, if it be such.

The majority opinion fashions a remedy which implicitly authorizes the dismissal of defendant-tortfeasors, similarly situated, which is contrary to the intent of the uninsured motorist laws of Georgia, and, for that reason, I must respectfully dissent.

I am authorized to state that Chief Judge Pope joins in this dissent.

DECIDED APRIL 2, 1993 —
RECONSIDERATION DENIED APRIL 21, 1993.

*Harper, Waldon & Craig, Russell D. Waldon, Christopher M. Farmer*, for appellant.

*F. Earl Wiggers, Jr.*, for appellee.