## A05A0925. HECH et al. v. SUMMIT OAKS OWNERS ASSOCIATION, INC. et al.

(620 SE2d 490)

MILLER, Judge.

George and Melissa Hech purchased a home in a subdivision subject to certain restrictive covenants. One such restrictive covenant prohibited homeowners in the subdivision from constructing

---

[1] 269 Ga. App. 645 (605 SE2d 54) (2004).

[2] *Delta Airlines v. Townsend*, 279 Ga. 511 (614 SE2d 745) (2005).

above-ground swimming pools on their properties. Despite this restriction, the Hechs built an above-ground swimming pool on their property. Summit Oaks Owners Association, Inc., various homeowners, and the developer of the subdivision (hereinafter collectively "Summit Oaks") sued the Hechs to force them to remove the unauthorized pool, and moved for summary judgment on this issue. The trial court granted summary judgment to Summit Oaks, and the Hechs appeal. We find no error and affirm.

On appeal from the grant of a motion for summary judgment, we conduct a de novo review of the law and evidence, viewing the evidence in the light most favorable to the nonmovant, to determine whether a genuine issue of material fact exists and whether the moving party was entitled to judgment as a matter of law. *Holbrook v. Stansell*, 254 Ga. App. 553, 553-554 (562 SE2d 731) (2002).

Viewed in the light most favorable to the Hechs, the evidence reveals that the Hechs purchased a home in a subdivision subject to the following restrictive covenants:

> *Swimming Pools*. No above ground swimming pools will be permitted. No pool covers shall be permitted which are higher than six inches above the swimming pool deck except by written authorization of the Architectural Control Committee.

> \* \* \*

> *Membership of Architectural Control Committee*. There shall be an Architectural Control Committee to review and approve, in writing, all plans for construction in [Summit Oaks] subdivision and perform other powers as granted and defined herein. . . . In the event that the Committee has failed to approve or disapprove any plans within thirty days *after submission of same*, or in the event no suit has been commenced prior to the completion thereof, approval will not be required and the applicable Covenant herein shall be deemed to have been fully complied with.

Although George Hech signed a disclosure statement acknowledging his awareness of the restrictive covenants, in late July 2002, the Hechs constructed an above-ground swimming pool in their backyard. Construction on the pool was completed within one week. It is undisputed that the Hechs did not submit any plans to the Architectural Control Committee for approval of the pool's construction.

Two weeks after the pool's construction, Summit Oaks contacted the Hechs, advising them that their swimming pool was in violation of the restrictive covenants of the subdivision. Summit Oaks then sent letters to the Hechs dated August 29, October 28, and December

23, 2002, asking them to remove the pool. The Hechs did not remove the swimming pool, which prompted Summit Oaks to file a lawsuit against them on August 27, 2003. Summit Oaks moved for summary judgment, which the trial court granted, and the Hechs appeal.

Since there is no dispute that the Hechs built their above-ground swimming pool in violation of the restrictive covenants of their subdivision, Summit Oaks was entitled to summary judgment. See, e.g., *King v. Baker*, 214 Ga. App. 229, 232-234 (3) (447 SE2d 129) (1994). The Hechs' argument that Summit Oaks waived their right to enforce the restrictive covenants because they did not sue the Hechs until a year after the pool was constructed is without merit.

> To suggest that the [Hechs] acquired equitable rights in their violations merely because they managed to build the [swimming pool] before [Summit Oaks] realized that they intended to [do so], or because [Summit Oaks] tried to avoid litigation by settling the dispute within the neighborhood, is to say that any restrictive covenant can be successfully violated, even in the face of complaints, merely by expending a large sum of money to erect a structure before the complaining party can figure out what is happening or can get to the courthouse to file a lawsuit. This would stand the law of restrictive covenants on its head.

Id. at 234 (3). The trial court did not err.

*Judgment affirmed. Blackburn, P. J., and Bernes, J., concur.*

DECIDED AUGUST 30, 2005.

*Thomas M. Strickland*, for appellants.
*Cowsert & Avery, William S. Cowsert*, for appellees.