**FOURTH DIVISION**
**DILLARD, P. J.,**
**RICKMAN and PIPKIN, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**January 23, 2024**

# In the Court of Appeals of Georgia

A23A1244. CLANTON v. TAYLOR, et al.

DILLARD, Presiding Judge.

Ansley Clanton appeals the trial court's denial of her motion for service by publication in her negligence action against Willie Taylor, in which she also sought to recover from her uninsured motorist carrier, Encompass Home and Auto Insurance Company, as well as the court's grant of Encompass's motion to dismiss her complaint. Specifically, Clanton argues the trial court (1) applied the wrong due-diligence standard in denying her motion for service by publication, and (2) erred in finding that laches barred her from receiving the benefit of service by publication under OCGA § 33-7-11. For the following reasons, we affirm.

The record shows that, on July 26, 2021, Clanton filed a negligence complaint against Taylor, arising from a car accident that occurred on September 8, 2020. In the complaint, Clanton alleged Taylor's negligence caused her both physical and mental pain and suffering. Clanton served Encompass—as her uninsured motorist carrier—with a copy of the summons and complaint. And on August 27, 2021, Encompass filed its answer, asserting several affirmative defenses and contending Clanton was not entitled to recovery. Then, on October 19, 2021, Taylor filed an answer by special appearance, denying many of the complaint's allegations and asserting several affirmative defenses. Relevant here, Taylor contended, *inter alia*, that the trial court lacked personal jurisdiction over him and service was insufficient.

Shortly thereafter, on November 3, 2021, Clanton filed a "motion for appointment of special agent for service," specifically requesting that Kimberly Butts—a Georgia process server—be appointed. The trial court granted the motion, appointed Butts as the process server, and authorized her to personally serve Taylor with the summons and complaint. According to Butts, she called Taylor on December 12, 2021, and was advised that he had moved to Indiana. Taylor also gave Butts his then-current Indiana address. Despite this information, Butts continued making unsuccessful attempts to serve Taylor at his "home of record" in Thomaston,

Georgia.[1] And after her final attempt on December 21, 2022, Butts contacted the apartment manager at the Thomaston address, and he also advised that Taylor had moved to Indiana to live with his daughter in early 2020. The manager gave Butts Taylor's Indiana address, and she then called Taylor's daughter, who confirmed that Taylor had been living with her since January 2020. Given this information, on February 14, 2022, Clanton filed a motion for appointment of an Indiana-based special agent for service, which the trial court granted. And on January 11, 2022, the deputy sheriff in Lake County, Indiana unsuccessfully attempted to serve Taylor.[2]

Over one year later, on January 23, 2023, Clanton filed a motion for service by publication. Encompass opposed the motion and moved for the case to be dismissed. Specifically, Encompass alleged Clanton had not been diligent in her efforts to serve Taylor, and the case should be dismissed because the statute of limitations had

---

[1] In an affidavit executed on January 4, 2023, Butts indicated that she made unsuccessful attempts to serve Taylor at his prior Thomaston, Georgia address on December 12, 2021 (prior to the phone call); December 16, 2021; and twice on December 21, 2022.

[2] The deputy sheriff of Lake County, Indiana executed an "affidavit of out-of-state service," averring he served Taylor with this action on January 11, 2022, "at the below address . . . [,]" but no address was listed. The trial court made a factual finding that this constituted Clanton's sole attempt to serve Taylor in Indiana.

expired. Following a hearing on the matter,[3] the trial court denied Clanton's motion for service by publication and granted Encompass's motion to dismiss. This appeal follows.

This Court reviews a trial court's denial of a motion for service by publication and associated dismissal of a complaint for an abuse of discretion.[4] But when a question of law is at issue, "such as whether the statute of limitations bars an action, we owe no deference to the trial court's ruling and apply the plain legal error standard of review."[5] With these guiding standards of review in mind, we turn to Clanton's claims of error.

---

[3] Clanton notes the trial court held a "brief hearing" on her motion for service by publication, at which no evidence was presented; and Encompass also indicates a motions hearing was held. But Clanton did not provide this Court with a transcript of the hearing. As a result, we must presume the trial court properly considered any evidence presented and that its factual findings are supported by such evidence. *See Befekadu v. Addis Int'l Money Transfer, LLC*, 339 Ga. App. 806, 807 (1) (795 SE2d 76) (2016) ("In the absence of a hearing transcript or any record evidence to the contrary, this Court must presume that the trial court properly considered the evidence before it and that its factual findings are supported by the evidence.").

[4] *See Humphries v. Wkly.*, 360 Ga. App. 59, 59 (860 SE2d 619) (2021) (punctuation omitted); *accord Smith v. Brooks*, 354 Ga. App. 78, 79 (840 SE2d 156) (2020).

[5] *Humphries*, 360 Ga. App. at 59 (punctuation omitted); *accord Smith*, 354 Ga. App. at 79.

1. To begin with, Clanton argues the trial court applied the wrong due-diligence standard in denying her motion for service by publication when she was seeking to recover only from Encompass. We disagree.

As we have previously explained, this Court has interpreted the Uninsured Motorist Act to "require, as a condition precedent to a suit against the insurance carrier, that the insured first sue and recover a judgment against the uninsured motorist, whether known, or unknown."[6] Prior to 1972, if for any reason a known uninsured motorist could not be personally served, "the condition precedent could not be met and the insured could not recover from his uninsured motorist carrier."[7] The General Assembly then amended the statute to "allow service on the known uninsured motorist by publication upon a showing of due diligence on the part of the insured."[8] But although service by publication "would not provide the court with

---

[6] *McCrary v. Preferred Risk Mut. Ins. Co.*, 198 Ga. App. 727, 728 (402 SE2d 519) (1991) (punctuation omitted); *accord State Farm Mut. Auto. Ins. Co. v. Noble*, 208 Ga. App. 518, 519 (430 SE2d 804) (1993); *see Hayward v. Retention Alternatives Ltd.*, 291 Ga. App. 232, 235 (2) (661 SE2d 862) (2008) ("[A]bsent sufficient service on the tortfeasor, a claimant cannot recover from his or her UM carrier.").

[7] *Noble*, 208 Ga. App. at 519.

[8] *Id.*; *see* OCGA § 33-7-11 (e) ("In cases where the owner or operator of any vehicle causing injury or damage is known and either or both are named as defendants in any action for such injury or damages but the person resides out of the state, has departed from the state, cannot after *due diligence* be found within the state, or

5

jurisdiction to enter an in personam judgment against the uninsured motorist, it would allow the court to enter a 'nominal judgment'[9] against the uninsured motorist sufficient to satisfy the condition precedent."[10] Nevertheless, the amendment did not "eliminate the need to meet the condition precedent of a judgment against the uninsured motorist; it simply provided the means by which the condition precedent could be met."[11]

---

conceals himself to avoid the service of summons, and this fact shall appear by affidavit to the satisfaction of the judge of the court, and it shall appear either by affidavit or by a verified complaint on file that a claim exists against the owner or driver in respect to whom service is to be made and that he is a necessary or proper party to the action, *the judge may grant an order that the service be made on the owner or driver by the publication of summons*." (emphasis supplied)).

[9] Importantly, such a judgment is "nominal in the sense that it is not an in personam judgment against the tortfeasor; the sole purpose of the 'judgment' is to fulfill the condition precedent in OCGA § 33-7-11." *Noble*, 208 Ga. App. at 519 n.1 (punctuation omitted).

[10] *Noble*, 208 Ga. App. at 519 (footnote omitted)); *see Hayward*, 291 Ga. App. at 235 (2) ("The Uninsured Motorist Act . . . specifically permits service by publication. And such service may form the basis for a nominal judgment against the tortfeasor, allowing recovery against the UM carrier." (citation omitted)).

[11] *Noble*, 208 Ga. App. at 519; *see Wentworth v. Fireman's Fund Am. Ins. Cos.*, 147 Ga. App. 854, 855 (I) (250 SE2d 543) (1978) (explaining that service by publication "does not serve as the foundation for an in personam judgment against the tortfeasor, but it does serve as a condition precedent for recovery against the uninsured motorist carrier").

As explained in Division 2 *infra*, when a plaintiff seeks service by publication, she must exercise due diligence in attempting to personally serve the defendant, but a heightened level of due diligence is required when, as here, the statute of limitations has expired, and the defendant has challenged the sufficiency of service in court. Clanton appears to contend that she should be held to a lower due-diligence standard because when she moved for service by publication, she had already settled this case with Taylor, and she was seeking recovery only from Encompass.[12] But the record is devoid of any evidence that she settled her claim against Taylor or that he was otherwise removed from the case as a defendant. More importantly, the trial court made no mention of a settlement in its order, and it certainly did not rule upon whether a settlement with Taylor would relieve Clanton from satisfying the uninsured motorist act's due-diligence requirements. Needless to say, we are a court of review, "not of first view[,]"[13] and "[i]ssues which have not been ruled on by the trial court

---

[12] In addition to mentioning the alleged settlement in this claim of error, Clanton also discusses some of the efforts she made to serve Taylor, comparing them to those made in other cases. It is unclear how the efforts she made to serve Taylor would dictate the due-diligence standard to apply to those efforts, but in any event, the adequacy of Clanton's attempts to serve Taylor is addressed in Division 2 *infra*.

[13] *State v. Jennings*, 362 Ga. App. 790, 796 (1) (c) (869 SE2d 183) (2022) (punctuation omitted); *accord Flanders v. State*, 360 Ga. App. 855, 855 (862 SE2d 152) (2021).

may not be raised on appeal."[14] As a result, we decline to address the substance of this claim of error.

2. Next, Clanton claims the trial court erred by finding that laches applied in denying her motion for service by publication. Again, we disagree.

Ordinarily, the correct legal standard for due diligence for service by publication under OCGA § 33-7-11 (e) is "diligence in determining that an uninsured motorist is either out of state or avoiding service."[15] Nevertheless,

> Georgia law provides that when an action is filed before the applicable statute of limitation[s] expires but is not served upon the defendant within the limitation[s] period or within five days thereafter, the plaintiff must establish that he acted in a reasonable and diligent manner in attempting to insure that proper service was effected as quickly as possible; and if the plaintiff is guilty of latches[16] in this regard, service will not relate back to the time of filing of the complaint for the purpose

---

[14] *Ga. Dep't of Nat. Res. v. Coweta Cnty.*, 261 Ga. 484, 485 (405 SE2d 470) (1991).

[15] *Luca v. State Farm Mut. Auto. Ins. Co.*, 281 Ga. App. 658, 660 (1) (637 SE2d 86) (2006) (punctuation omitted); *see Brown v. State Farm Mut. Auto. Ins. Co.*, 242 Ga. App. 313, 314 (1) (529 SE2d 439) (2000) ("In order to obtain service by publication, the plaintiff must show due diligence in determining whether the defendant was either out of state or avoiding service.").

[16] *See Waller v. Golden*, 288 Ga. 595, 597 (1) (706 SE2d 403) (2011) ("The trial court may bar a complaint based on laches when the lapse of time and the claimant's neglect in asserting rights results in prejudice to the adverse party." (punctuation omitted)).

of tolling the statute of limitation[s].[17]

But when, as here, the defendant has "raised a service defense in court[[18]] *and* the statute of limitation[s] has expired, the plaintiff bears an even higher duty of the '*greatest possible diligence*' to ensure proper and timely service."[19]

Turning to the instant case, Clanton's accident occurred on September 8, 2020, and she filed her negligence action against Taylor approximately ten months later on July 26, 2021. And because Clanton sued Taylor to recover for personal injuries, the

---

[17] *Rodriguez v. State Farm Mut. Auto. Ins. Co.*, 366 Ga. App. 65, 67 (880 SE2d 606) (2022) (emphasis supplied); *see Barabont v. Villanueva*, 261 Ga. App. 839, 841 (1) (584 SE2d 74) (2003) ("[W]hen service is made after the expiration of the applicable statute of limitation[s], the timely filing of the complaint tolls the statute only if the plaintiff shows that he acted in a reasonable and diligent manner in attempting to insure that a proper service was made as quickly as possible." (punctuation omitted)); *Brown*, 242 Ga. App. at 313 (1) (same).

[18] In his answer by special appearance, Taylor raised the issues of insufficiency of process and insufficiency of service of process. Encompass also challenged sufficiency of service in its motion to dismiss.

[19] *Rodriguez*, 366 Ga. App. at 67 (emphasis supplied); *see Fluellen v. Davis*, 362 Ga. App. 512, 514 (869 SE2d 169) (2022) ("[W]hen, as here, the statute of limitation[s] has run and the defendant has raised a service defense in court, the plaintiff must show that, after the limitation period expired, she exercised the 'greatest possible diligence' to perfect service; only then will service 'relate back' in time to the filing of the complaint and thus be timely."); *Van Omen v. Lopresti*, 357 Ga. App. 9, 14 (2) (849 SE2d 758) (2020) (holding that "the standard of 'greatest possible diligence' in the context of assessing a plaintiff's attempts at service applies only when the statute of limitation[s] has expired and the defendant has raised a service defense in court" ).

statute of limitations for her negligence claim expired on September 8, 2022—two years from the date of the accident.[20] It is undisputed, then, that as of December 12, 2021, Clanton knew Taylor had moved to Indiana in 2020, and Taylor himself told the process server his then-current address. Nevertheless, Clanton's appointed process server made at least three more unsuccessful attempts to serve Taylor at his previous residence in Georgia. And while the trial court granted Clanton's request to appoint a process server in Indiana, there was only a single unsuccessful attempt to serve Taylor there on January 11, 2022. Then, although there were no more attempts to serve Taylor in Indiana, Clanton did not file her motion for service by publication until January 23, 2023—over four months *after* the statute of limitations expired the prior September.[21]

---

[20] *See* OCGA § 9-3-33 ("Except as otherwise provided in this article, actions for injuries to the person shall be brought within two years after the right of action accrues . . . ."); *Golden v. Floyd Healthcare Mgmt., Inc.*, 368 Ga. App. 409, 414 (1) (a) (890 SE2d 288) (2023) (quoting OCGA § 9-3-33 and explaining that "[t]he general statute of limitations for injuries to the person provides that such action shall be brought within two years after the right of action accrues" (punctuation omitted)).

[21] Clanton contends laches does not apply in this case because she filed her lawsuit "far in advance" of the expiration of the limitations period and moved for service by publication before Encompass filed its motion to dismiss. She summarily contends these two factors are "controlling" in our prior cases. But the sole issue before us is the level of *due diligence* Clanton exercised in attempting to *serve* Taylor, especially after the statute of limitations expired. Clanton has provided no legal authority suggesting that *when* a plaintiff files her complaint or motion for service by

Moreover, according to the trial court, Clanton could not explain why she waited over one year after learning of Taylor's Indiana address to file her motion or why she made no attempts to effectuate service until four months after the expiration of the statute of limitations. Ultimately, the court found that a delay of four months between the expiration of the statute of limitations and seeking service by publication—especially when Clanton knew since 2021 that Taylor could not be served in Georgia—was insufficient to establish that she acted in a reasonable and diligent manner to ensure proper service was made as quickly as possible.[22]

Nevertheless, relying on this Court's decision in *Smith v. Brooks*,[23] Clanton contends the appropriate due-diligence standard is whether she exercised due diligence in determining whether Taylor was out of state or avoiding service. She notes that, similarly to this case, the plaintiff in *Smith* did not file his motion for

publication is determinative of whether she exercised the requisite due diligence.

[22] The trial court appears to have applied the lower quickly-as-possible due diligence standard rather than the applicable greatest-possible-diligence standard. But a finding that Clanton failed to meet a lower due-diligence standard necessarily means the trial court found that she did not satisfy the higher one actually applicable here. And, of course, this Court may affirm a trial court ruling if it is right for any reason. *See Designs Unlimited, Inc. v. Rodriguez*, 267 Ga. App. 847, 847 (601 SE2d 381) (2004) (noting that "under the 'right for any reason' rule this [C]ourt will affirm the correct ruling of a trial court on grounds not addressed below . . .").

[23] 354 Ga. App. 78.

service by publication until four months after the statute of limitations expired.[24] And despite those circumstances, we reversed the trial court's denial of the plaintiff's motion for service by publication and remanded for the trial court to determine whether the plaintiff exercised due diligence in determining whether the defendant lived out of state or was avoiding service.[25]

To be sure, Clanton is right that "[t]he correct legal standard for due diligence for service by publication under OCGA § 33-7-11 (e) is diligence in determining that an uninsured motorist is *either* out of state *or* avoiding service."[26] But here, unlike in *Smith*, the trial court *did* apply the due-diligence standard under OCGA § 33-7-11 (e), finding that Clanton "likely met the legal standard for determining that [Taylor] resides out of state." And importantly, even if a plaintiff satisfies the requirements of OCGA § 33-7-11 (e), this Court has held that if the defendant raises a service defense in court (which Taylor and Encompass both did), and the statute of limitations has expired, "the plaintiff bears an even higher duty of the 'greatest possible diligence' to ensure proper and timely service."[27] So, we disagree with Clanton that *Smith* has

---

[24] *See id.* at 79.

[25] *See generally id.* at 79, 79-81 (1), 82 (2).

[26] *Luca*, 281 Ga. App. at 660 (1) (punctuation omitted) (emphasis supplied).

[27] *Rodriguez*, 366 Ga. App. at 67.

any bearing on the outcome of this appeal.

In sum, we reiterate that the determination of whether the plaintiff was "guilty of laches in failing to exercise due diligence in perfecting service after the running of the statute of limitations is a matter within the trial court's discretion and will not be disturbed on appeal absent abuse."[28] And under the circumstances of this case, we cannot say the trial court abused its discretion in finding that, following the expiration of the statute of limitations, Clanton failed to exercise the *greatest possible diligence* in attempting to serve Taylor.[29]

---

[28] *McCrary*, 198 Ga. App. at 728 (punctuation omitted); *accord Cantin v. Just.*, 224 Ga. App. 195, 196 (480 SE2d 250) (1997).

[29] *See Rodriguez*, 366 Ga. App. at 69-70 (holding the trial court did not abuse its discretion in determining plaintiff did not exercise the greatest possible diligence in attempting to serve defendant when no attempts were made for 28 days following the expiration of the statute of limitations); *Fluellen*, 362 Ga. App. at 514 (holding trial court did not abuse its discretion in finding that plaintiff did not exercise the greatest possible discretion in attempting to serve defendant when, *inter alia*, he made no attempts at service at a known address for five months following the expiration of the statute of limitations); *Barabont*, 261 Ga. App. at 839, 841 (1) (holding that plaintiff, who filed her motion for service by publication after the statute of limitations expired, did not exercise the greatest possible diligence in attempting to serve defendant when she renewed her complaint on April 5, 2002, but did not seek a process server until June 12; she did not move for service by publication until August 1, (more than three months after the initial failed attempt at service and more than two months after defendant filed the motion to dismiss); and plaintiff knew about the service problem in the previous April (approximately three months prior to filing her motion for service by publication)); *see also Brown*, 242 Ga. App. at 314 (1) (holding trial court did not abuse its discretion in finding that, following the expiration of the statute of

For all these reasons, we affirm the trial court's denial of Clanton's motion for service by publication and its grant of Encompass's motion to dismiss.

*Judgment affirmed. Rickman and Pipkin, JJ., concur.*

---

limitations, plaintiff did not exercise due diligence to serve the defendant as quickly as possible when there was no evidence the plaintiff made any effort to locate and serve defendant for three months between an initial failed attempt and the insurer's motion to dismiss).