## A92A2110. WALKER v. GEORGIA FARM BUREAU MUTUAL INSURANCE COMPANY.
### (429 SE2d 289)

JOHNSON, Judge.

Richard D. Walker was involved in an automobile collision with Teresa Stiles, who was driving a vehicle owned by her father, Hardy Morrow. Walker filed a personal injury lawsuit against Stiles, Morrow, and Georgia Farm Bureau Mutual Insurance Company, Walker's underinsured motorist carrier. Walker served a copy of the complaint on State Farm Mutual Automobile Insurance Company, the liability carrier for Stiles and Morrow. State Farm filed an answer on behalf of Stiles and Morrow. State Farm also filed a motion to dismiss or, in the alternative, for summary judgment as to Stiles and Morrow on the ground that the statute of limitation had expired and service of process had not been perfected upon them. After a hearing on the motion, the trial court granted summary judgment as to Stiles and Morrow. Georgia Farm Bureau then moved for summary judgment on the ground that any recovery against it, as the underinsured motorist carrier, was barred by the grant of summary judgment as to Stiles and Morrow. The trial court entered an order granting Georgia Farm Bureau summary judgment. Walker appeals.

1. Walker contends that the trial court erred in granting summary judgment to Stiles and Morrow.

Appellant argues that summary judgment was not proper because

insufficient service of process is a matter in abatement and is thus properly raised in a motion to dismiss. "It is well established that summary judgment is appropriate only to matters relating to the merits of a proceeding and does not apply to matters in abatement. [Cit.]" *McGregor v. Stachel*, 200 Ga. App. 324 (408 SE2d 118) (1991). However, we cannot agree that the instant case presented the trial court only with a matter in abatement since, in addition to the motion to dismiss for lack of service, there was a motion for summary judgment based upon the expiration of the statute of limitation.

Summary judgment is an appropriate remedy when the issue, as in this case, concerns the expiration of the statute of limitation. *Gaskins v. A. B. C. Drug Co.*, 183 Ga. App. 518, 520 (3) (359 SE2d 364) (1987). "Where service is made after the expiration of the applicable statute of limitation, the timely filing of the complaint tolls the statute only if the plaintiff shows that he acted in a reasonable and diligent manner in attempting to insure that a proper service was made as quickly as possible. A reasonable rule must be that in such case the trial judge should look at all the facts involved and ascertain whether the plaintiff was in any way guilty of laches. If he were, of course he would be barred, but if he acted in a reasonably diligent manner then he would not be. The determination of whether the plaintiff was guilty of laches in failing to exercise due diligence in perfecting service after the running of the statute of limitations is a matter within the trial court's discretion and will not be disturbed on appeal absent abuse." (Citations and punctuation omitted.) *McCrary v. Preferred Risk Mut. Ins. Co.*, 198 Ga. App. 727, 728-729 (402 SE2d 519) (1991).

The trial court did not abuse its discretion in finding that Walker was guilty of laches in failing to exercise due diligence in perfecting service on Stiles and Morrow.[1] Walker did not file his complaint until one month prior to the expiration of the two-year statute of limitation. It is unclear from the record why Walker delayed filing his complaint until the statute of limitation had almost expired. Walker was unable to locate Stiles and Morrow prior to the expiration of the statute of limitation. He then waited until 40 days after the statute had expired to file a motion for service by publication. Along with that motion, Walker filed an affidavit of a private investigator who stated that he had been contacted by Walker's attorney after the statute had expired and that he had been unable to locate Stiles and Morrow.

---

[1] Walker complains that the court did not make a finding that he was not diligent because that issue, although raised in the motion for summary judgment filed prior to the court's ruling, was not discussed at the hearing held on the motion. We do not have a transcript of that hearing. Even if the issue was not discussed at the hearing, there is no evidence in the record that the court did not make a finding as to Walker's lack of diligence. Such a finding is implicit in the court's grant of summary judgment to Stiles and Morrow.

Walker still has not perfected service on Stiles and Morrow, claiming that they have disappeared.

Because we do not have a transcript of the hearing on the motion for summary judgment, we cannot determine what other evidence, if any, was before the trial court. Under these circumstances, we must presume that the court's ruling was correctly based on all the evidence presented and that the court did not abuse its discretion in granting summary judgment to Stiles and Morrow. See *Brown v. Bailey*, 180 Ga. App. 555, 557-558 (1) (349 SE2d 792) (1986).

2. Because Stiles and Morrow were properly granted summary judgment, Walker's claim that the court erred in granting summary judgment to Georgia Farm Bureau is without merit. "This court has interpreted the Uninsured Motorist Act to require, as a condition precedent to a suit against the insurance carrier, that the insured first sue and recover a judgment against the uninsured motorist, whether known, or unknown." (Citations and punctuation omitted.) *McCrary v. Preferred Risk Mut. Ins. Co.*, supra at 728. As Walker cannot recover a judgment against Stiles and Morrow, the court did not err in granting summary judgment to Georgia Farm Bureau.

*Judgment affirmed. Pope, C. J., and Carley, P. J., concur.*

DECIDED MARCH 3, 1993 —
RECONSIDERATION DENIED March 17, 1993 —

*Eichelberger & Perrotta, James A. Eichelberger, Joseph D. Perrotta*, for appellant.

*Fain, Major & Wiley, Donald M. Fain, G. Keith Richardson*, for appellee.