A99A1843. WHITTEN et al. v. RICHARDS.
(523 SE2d 906)

ELDRIDGE, Judge.

Plaintiffs E. L. Whitten and P. Y. Whitten, husband and wife, appeal from the trial court's grant of summary judgment to defendant Edward L. Richards. In their sole enumeration of error, the Whittens allege that the trial court erred in finding that they failed to use due diligence in perfecting service on Richards and that their claims were barred by the statute of limitation.

This case arises from an automobile collision which occurred on November 26, 1994. On December 12, 1997, the Whittens filed this suit against Richards. Each of the plaintiffs requested damages for personal injuries he or she received as a result of the collision, attorney fees, and loss of consortium of the other spouse.[1] Even though the

---

[1] The loss of consortium claims were added in an amended complaint filed subsequent to Richards' motion for summary judgment, but more than six months prior to the hearing and order issued on the motion. Although the original motion did not address the subsequent loss of consortium claims, the loss of consortium claims were raised by Richards in his reply brief in support of his motion for summary judgment five months prior to the hearing

complaint in this case was filed more than two years after the collision and after the statute of limitation had run on appellants' personal injury actions, it was filed within six months of appellants' dismissal of their previously filed suit, pursuant to OCGA § 9-2-61.

The Whittens attempted to serve Richards under the Nonresident Motorist Act, OCGA § 40-12-2, by serving the Secretary of State and delivering a copy of the summons and complaint by certified mail to the defendant's daughter's residence at 949 Elizabeth Street, Pittsburgh, Pennsylvania. On January 15, 1998, Richards filed a timely answer and raised the defenses of insufficiency of process and insufficiency of service of process.

On July 29, 1998, Richards filed a motion for summary judgment alleging that, at the time of the collision, he was a Georgia resident; that service under OCGA § 40-12-2, the Nonresident Motorist Act, was not valid; and that the suit was barred by the statute of limitation. The Whittens effected personal service on Richards at 949 Elizabeth Street, Pittsburgh, Pennsylvania, on September 1, 1998, which was more than eight months after this action was filed.

1. With regard to the Whittens' personal injury claims, the applicable period of limitation is two years. OCGA § 9-3-33. However, this case was filed as a renewal action within six months after the dismissal of a previous action. OCGA § 9-2-61.

> [A] renewal suit is an action de novo. As such, the procedural prerequisites of filing the renewed complaint and service of process must be met anew. . . . Defenses which are raised in the renewal action will be adjudicated only with respect to that which occurred subsequent to refiling.

(Citations, punctuation and emphasis omitted.) *Hobbs v. Arthur*, 264 Ga. 359, 360 (444 SE2d 322) (1994).

(a) The first issue that must be decided by this Court is whether service under the Georgia Nonresident Motorist Act was valid. "The defendant's residence at the time the cause of action arose governs [his] amenability to service of a suit under the Nonresident Motorist Act, OCGA § 40-12-1 et seq." *Brown v. Meyer*, 222 Ga. App. 133 (473 SE2d 521) (1996). In support of his motion for summary judgment, Richards averred that from late 1992 until October 1994, while maintaining his permanent residence in Glynn County, Georgia, he temporarily lived with various relatives in both Erie and Pittsburgh, Pennsylvania, for the purpose of caring for his ailing wife who was hospitalized in the area. Richards further averred that, after his

---

and order issued on the motion, and it is apparent that the trial court, in granting a total summary judgment in favor of Richards, considered such claims.

wife's death, he returned to his Glynn County residence in October 1994, with the intention of permanently residing there and that at the time of the subject collision, November 26, 1994, he resided at 507/508 Marsh Villa Road on St. Simons Island, Georgia. In his affidavit, Richards went on to state that in the fall of 1995, approximately one year after the collision, his health deteriorated while visiting his children in Pennsylvania and that he was unable to return home.

This evidence is uncontroverted by the Whittens. In response to the motion for summary judgment, the Whittens put up evidence that, at the time of the subject collision, Richards was driving with a Pennsylvania license; that his vehicle had a Pennsylvania tag; and that at his wife's death on April 19, 1994, he listed a Pennsylvania address on her death certificate. Such evidence, at most, shows that Richards may have had more than one residence at the time of the subject collision, but does not show that he was a nonresident at the time of service. When an individual has more than one residence and "one residence is in Georgia, he is not a nonresident for purposes of the Nonresident [Motorist] Act." (Citations and punctuation omitted.) *Phillips v. Jackson*, 233 Ga. App. 875, 877 (506 SE2d 158) (1998). Nor is a former Georgia resident who moves out of state after the action arose a nonresident under the Nonresident Motorist Act. See *Bailey v. Hall*, 199 Ga. App. 602 (405 SE2d 579) (1991). Therefore, service on Richards under the Nonresident Motorist Act was not valid.

(b) Since personal service was not perfected within the six-month renewal period, the Whittens had the burden of showing they acted in a reasonable and diligent manner in attempting to ensure that proper service was made on Richards between January 15, 1998, when Richards raised the defenses of insufficiency of process and insufficiency of service of process, and September 1, 1998, when Richards was personally served.

> Where service is made after the expiration of the applicable statute of limitation, the timely filing of the complaint tolls the statute only if the plaintiff shows that he acted in a reasonable and diligent manner in attempting to insure that a proper service was made as quickly as possible. A reasonable rule must be that in such case the trial judge should look at all the facts involved and ascertain whether the plaintiff was in any way guilty of laches. If he were, of course he would be barred, but if he acted in a reasonably diligent manner then he would not be. The determination of whether the plaintiff was guilty of laches in failing to exercise due diligence in perfecting service after the running of the stat-

ute of limitations is a matter within the trial court's discretion and will not be disturbed on appeal absent abuse.

(Citations and punctuation omitted.) *Walker v. Ga. Farm &c. Ins. Co.*, 207 Ga. App. 874, 875 (429 SE2d 289) (1993).

It is uncontroverted that the Whittens were aware of Richards' out-of-state address in December 1997, when they attempted service on Richards pursuant to the Nonresident Motorist Act. The Whittens' counsel filed an affidavit in which he averred that on January 23, 1998, he wrote (not mailed) the Sheriff of Allegheny County, Pennsylvania, requesting personal service be made on Richards and that he made numerous telephone calls concerning the status of service. However, Richards' submitted the affidavit of Sylvia Butler, a clerk at the Allegheny County Sheriff's Department, in which Butler averred that the request for personal service by the Whittens' counsel, which was dated January 23, 1998, was not received by the Sheriff's office until August 19, 1998, and was postmarked August 15, 1998, which was more than eight months after this renewal action was filed. Accordingly, we find no abuse of the trial court's discretion in finding that the Whittens failed to exercise due diligence in perfecting service on Richards as to their personal injury actions. There was no error in the trial court granting summary judgment to Richards on the Whittens' claims for personal injury, because the statute of limitation attached prior to their perfecting service, so that laches prevented a relation back to the time of filing.

2. The statute of limitation on a loss of consortium claim is four years. OCGA § 9-3-33. The Whittens' loss of consortium claims were filed and properly served within the four-year statute of limitation applicable to these claims. The running of limitation for a personal injury claim does not bar a derivative loss of consortium claim. *Heis v. Young*, 226 Ga. App. 739 (487 SE2d 403) (1997); *Elwell v. Haney*, 169 Ga. App. 481, 482 (313 SE2d 499) (1984). Therefore, the trial court erred in granting summary judgment to Richards on the Whittens' loss of consortium claims.

*Judgment affirmed in part and reversed in part. Blackburn, P. J., and Barnes, J., concur.*

DECIDED OCTOBER 21, 1999 — RECONSIDERATIONS DENIED NOVEMBER 2, 1999 AND NOVEMBER 8, 1999 — ▮▮▮▮

*Walter D. Adams*, for appellants.
*Whelchel, Brown, Readdick & Bumgartner, Richard A. Brown, Jr., Bradley J. Watkins*, for appellee.