A02A0056, A02A0057. EPPS v. HIN (two cases).
A02A0058. BRENT v. HIN.
(565 SE2d 577)

BLACKBURN, Chief Judge.

Larry Epps, Valerie Epps, and Mary Brent were involved in a motor vehicle accident that occurred when Sourm Hin's pickup truck rear-ended their vehicle. More than two years after that collision, Larry Epps, Valerie Epps, and Brent filed separate suits against Hin. Upon deciding that all of the claims were untimely, the trial court awarded summary judgment to Hin in each suit. In separate appeals, the Eppses and Brent contend that their claims for loss of consortium and medical expenses were not time-barred. We agree that the consortium claims were not untimely and reverse only as to those claims.

On April 28, 1998, a pickup truck being operated by Hin rear-ended Mary Brent's vehicle as it was traveling southbound on I-85. At the time of the collision, Larry Epps and his wife, Valerie Epps, were both passengers in Brent's van. More than two years later, on July 24, 2000, Larry Epps, Valerie Epps, and Mary Brent filed separate lawsuits against Hin. In his suit, Epps sought to recover for loss of consortium and for the medical expenses that he purportedly incurred as a result of the accident for his own treatment and that of his spouse. In her suit, Valerie Epps sought to recover her own medical expenses, but later amended her complaint to add claims for loss of consortium and to recover "the medical expenses incurred . for treatment of her said spouse, Larry Epps." Brent initially sought only to recover her own medical expenses but subsequently added claims for loss of consortium and for recovery of her husband's medical expenses.

The trial court awarded summary judgment to Hin as to all claims in the three cases. The trial court decided that the claims were barred by the applicable statute of limitation and expressly found that the loss of consortium claims stemmed from a "right of recovery which is time barred as a matter of law." These appeals followed.

When a question of law is at issue, as here, we owe no deference to the trial court's ruling and apply the "plain legal error" standard of review. *Suarez v. Halbert*.[1] With that standard in mind, we address each appeal separately.

### Case No. A02A0056

In this appeal, Larry Epps contends that the trial court erred in ruling that his claim for loss of consortium and his claim to recover his wife's medical expenses were both time-barred.

As to the claim for loss of consortium, the law requires that:

> [a]ctions for injuries to the person shall be brought within two years after the right of action accrues, except for injuries to the reputation, which shall be brought within one year after the right of action accrues, and except for actions for injuries to the person involving loss of consortium, which shall be brought within four years after the right of action accrues.

OCGA § 9-3-33. The running of the limitation period on a personal injury claim does not bar a derivative claim for loss of consortium.

---

[1] *Suarez v. Halbert*, 246 Ga. App. 822, 824 (1) (543 SE2d 733) (2000).

*Heis v. Young*.[2] Since the applicable statute of limitation for a loss of consortium claim is four years and that claim was properly filed and served within that limitation period, the trial court erroneously granted summary judgment to Hin. *Mears v. Gulfstream Aerospace Corp.*[3]

As to the self-described "property" claim for medical expenses, Epps contends that such claim is not time-barred. Citing OCGA § 9-3-25, the limitation period for actions brought on open accounts, Epps argues that since a medical provider has four years to bring an action to recover medical fees, "it would only be fair to permit the individual who must pay the bill to bring the action for the same within the same period of time to recover the amount due."

In *Brent v. Hin*,[4] a companion case, this Court resolved this precise issue adversely to Epps, holding that "medical expenses constitute damage flowing from personal injury," and are thus subject to the two-year limitation period for personal injury claims set forth in OCGA § 9-3-33. To hold otherwise would enable litigants to circumvent the limitation period for personal injuries by declaring that the damages being sought constituted "property" claims. See *Brent*, supra.

## Case No. A02A0057

In this appeal, Valerie Epps contends that the trial court erred in ruling that her claim for loss of consortium was time-barred. We agree and reverse. *Whitten v. Richards*.[5]

## Case No. A02A0058

In this appeal, Mary Brent asserts that her cause of action for loss of consortium was not time-barred. We agree and reverse. *Whitten*, supra.

*Judgment affirmed in part and reversed in part in Case No. A02A0056. Judgments reversed in Case Nos. A02A0057 and A02A0058. Johnson, P. J., and Miller, J., concur.*

DECIDED MAY 15, 2002.

*James A. Elkins, Jr.*, for appellants.

---

[2] *Heis v. Young*, 226 Ga. App. 739, 741 (6) (487 SE2d 403) (1997).

[3] *Mears v. Gulfstream Aerospace Corp.*, 225 Ga. App. 636, 639 (2) (484 SE2d 659) (1997).

[4] *Brent v. Hin*, 254 Ga. App. 77, 79 (561 SE2d 212) (2002). This is yet another suit arising from the same collision but brought by Harold Brent against Hin.

[5] *Whitten v. Richards*, 240 Ga. App. 719, 722 (2) (523 SE2d 906) (1999).

*McLaughlin, Hendon, Miller & Croy, James C. McLaughlin, Jr.,* for appellee.