## A05A0453. DUNN v. KIRSTEN.
### (614 SE2d 156)

SMITH, Presiding Judge.

This appeal arises out of the trial court's denial of defendant Jennifer Dunn's motion to dismiss the complaint filed against her by Neil Kirsten. Dunn argued in her motion that she was not personally served with the complaint within the applicable statute of limitation. As more fully discussed below, we conclude that Kirsten properly obtained service by publication against Dunn for purposes of proceeding against his own insurer. The record shows, however, that he failed to exercise due diligence in having Dunn personally served within the two-year statute of limitation for personal injuries. The trial court therefore erred in denying Dunn's motion to dismiss.

On December 3, 2001, Neil Kirsten filed a complaint against Dunn and Ezimar Reis seeking damages for injuries he sustained in a vehicular collision that occurred on December 6, 1999. The sheriff's returns of service reflected that the defendants could not be found at their last known addresses. Kirsten's uninsured/underinsured motorist carrier, Allstate Insurance Company, was served and filed an answer. Kirsten moved for service by publication on the defendants, stating in his supporting affidavit that he had "made diligent efforts to find them," that he had hired a skip tracer to determine their addresses, and that the skip tracer had determined that Dunn had "the same service address . . . as listed on the complaint." He stated further that he believed the defendants "may be concealing themselves to avoid the service of summons." The trial court granted the motion on December 18, 2001.

In January 2004, more than two years after the complaint was filed, Allstate moved for appointment of a special process server. The motion was granted, and Dunn was served with the summons and complaint on February 17, 2004. She filed an answer to the complaint and moved to dismiss on the grounds of insufficient service of process and expiration of the statute of limitation. She submitted an affidavit in support of her motion, in which she stated that she lived at a particular address at the time of the collision and that she "remained at this address for approximately two years and three months following the accident. " She stated further that she moved to another residence in March 2002, and she provided the address of that residence. She stated that she had been living at that address "consistently since March, 2002 or for the past two (2) years." The trial court denied the motion, and we granted Dunn's application for interlocutory review.

In order to proceed successfully against his own UM carrier, Kirsten was required to serve the defendants by publication. "Service by publication is necessary on a known but unlocatable uninsured

motorist to satisfy the condition precedent of a nominal judgment under OCGA § 33-7-11 (d) before the uninsured motorist carrier may be liable under the insured's contract and the uninsured motorist statute. [Cits.]" *Wilson v. State Farm &c. Ins. Co.*, 239 Ga. App. 168, 170 (520 SE2d 917) (1999). When the trial court granted Kirsten's motion for service by publication on the defendants, the court in effect made a finding that Kirsten had exercised due diligence in attempting to locate those defendants:

> [P]ermitting service by publication does not require a showing that service has been attempted but only that the party to be served has departed from the state, or cannot, after due diligence, be found within the state or conceals himself to avoid the service of summons. Moreover by granting the order permitting service by publication the trial court, in effect, made a finding of due diligence.

(Citations and punctuation omitted.) Id.

For purposes of proceeding against his own UM carrier, Kirsten successfully sought and obtained service by publication on Dunn. Unlike the facts of *Wilson*, supra, the trial court's implicit finding of due diligence for purposes of service by publication is not at issue in this appeal. The fact that he may have exercised due diligence in searching for Dunn for purposes of obtaining service by publication did not, however, dispense with the requirement of personal service effected in a reasonable and diligent manner if Kirsten desired to obtain a money judgment against Dunn personally. See generally *Barabont v. Villanueva*, 261 Ga. App. 839, 842 (1) (584 SE2d 74) (2003) (due diligence required for personal jurisdiction different from due diligence required for service by publication to satisfy UM coverage requirements). Service by publication was not sufficient to confer personal jurisdiction over Dunn. See *Wilson*, supra, 239 Ga. App. at 171. As stated in *Wilson*, any nominal judgment obtained by means of service by publication "is subject to collateral attack by the uninsured motorist at any time, because he or she has never been personally served. [Cit.]" Id. at 170.

Although Kirsten satisfied the legal requirements necessary for a lawsuit against his own insurer, personal service on Dunn was not effected until more than two years after expiration of the two-year statute of limitation for personal injury claims. See OCGA § 9-3-33. When service occurs after expiration of the statute of limitation, the limitation period is tolled only if the plaintiff acted in a diligent and reasonable "manner in attempting to insure that a proper service was made as quickly as possible. [Cits.]" *Brown v. State Farm &c. Ins. Co.*, 242 Ga. App. 313 (1) (529 SE2d 439) (2000). The record is devoid of

evidence that Kirsten made *any* attempt to personally serve Dunn for more than two years following the trial court's order granting his motion for service by publication. In fact it was Allstate, and not Kirsten, which finally effected service on Dunn. Under the circumstances of this case, we are constrained to conclude that Kirsten failed to act in a diligent and reasonable manner to effect personal service on Dunn. The trial court therefore abused its discretion in denying Dunn's motion to dismiss. We note that under *Wilson*, supra, because Kirsten satisfied the condition precedent of serving Dunn and her co-defendant by publication, Kirsten is not estopped from maintaining his action against Allstate.

*Judgment reversed. Ellington and Adams, JJ., concur.*

DECIDED APRIL 19, 2005.

*Philip M. Williams*, for appellant.
*Barry Staples, Charis L. Johnson*, for appellee.