A05A1986. COHEN et al. v. ALLSTATE INSURANCE COMPANY et al.
(626 SE2d 628)

SMITH, Presiding Judge.

In this case arising from an automobile collision, the plaintiffs, Miri Cohen and Sarit Rotenberg, appeal from two orders granting the motions to dismiss or for summary judgment of defendant Erin Clark and the plaintiffs' uninsured motorist insurance carrier, Allstate Insurance Company. The trial court granted both motions on the ground that Cohen and Rotenberg did not demonstrate due diligence in serving Clark personally. Because we find that the trial court properly analyzed the issues and that dismissal or summary judgment in favor of both Clark and Allstate was proper, we affirm the judgments below.

The record shows that the collision occurred on January 17, 2001. On March 6, 2002, Cohen and Rotenberg filed their complaint in Fulton County State Court. A Fulton County marshal attempted to serve Clark at an apartment complex on March 11, 2002 and learned

from its manager that Clark had moved. Sometime thereafter, plaintiffs hired a private investigator to find Clark. On March 28, 2002, plaintiffs dismissed the Fulton County suit, and they filed a complaint in DeKalb County State Court on April 3, 2002. Service was attempted in DeKalb County on April 8, 2002, and the marshal noted on the return that Clark "moved 6 months ago." A second attempt was made on May 14, 2002, without success. The marshal's return notes that Clark "no longer lives on property." Plaintiffs obtained an order for publication on August 7, 2002, and it was perfected on October 3, 2002.

Meanwhile, on September 16, 2002, plaintiffs served their uninsured motorist (UM) carrier, Allstate. Plaintiffs' counsel states in an affidavit submitted in opposition to Clark's motion that plaintiffs "continued to work with the investigator to locate" Clark and that "plaintiffs and their investigator could not locate the defendant." No further specifics are given, however, regarding what efforts were made between August 7, 2002 and February 12, 2004, when Clark finally was served personally. This date was almost two years after the complaint was filed in DeKalb County and more than a year after the expiration of the statute of limitation.

OCGA § 33-7-11 (e) authorizes service by publication on the defendant for the purpose of obtaining a nominal judgment so that a plaintiff may then proceed with an action against his or her own UM carrier. The grant of an order for publication implies only that the plaintiffs have showed sufficient diligence to warrant service by publication for that purpose. Notorious service is never sufficient to allow the plaintiff to recover a money judgment from the defendant.

When a plaintiff locates and personally serves a defendant after the statute of limitation expires, the burden remains on the plaintiff to demonstrate due diligence in order for the service to relate back to the filing of the complaint. *Neely v. Jones*, 271 Ga. App. 487, 488-489 (1) (610 SE2d 133) (2005). The plaintiff must show that he or she "acted in a reasonable and diligent manner in attempting to [e]nsure that proper service was effected as quickly as possible." (Citation omitted.) Id. The trial court must look at all the facts and determine whether the plaintiff acted reasonably and diligently in attempting personal service as quickly as possible. Resolving that issue is within the discretion of the trial court, and it will not be disturbed on appeal absent abuse. *Whitten v. Richards*, 240 Ga. App. 719, 721-722 (1) (b) (523 SE2d 906) (1999).

1. Cohen and Rotenberg contend that the trial court erred in granting Clark's motion. They argue that it is "obvious" from the record that Clark was evading service and that they demonstrated due diligence in trying to serve him. We do not agree.

Clark moved several times, but nothing in the record shows that he did so to avoid service. The two-year statute of limitation expired on January 17, 2003. OCGA § 9-3-33. The affidavit submitted by the plaintiffs in opposition to Clark's motion showed certain actions they took to locate and serve Clark, but those actions were taken before that date. The affidavit fails to shed light on the plaintiffs' efforts *after* the expiration of the statute of limitation except in the most general terms, which do not suffice for the purpose of having personal service relate back to the time of filing. "Due diligence requires action, not words, and a showing of diligence naturally requires specificity in making the required showing of the actions in fact undertaken to locate the missing defendant." (Citation, punctuation and emphasis omitted.) *Lawrence v. Noltimier*, 213 Ga. App. 628, 629 (445 SE2d 378) (1994).

The trial court found that Cohen and Rotenberg demonstrated "only the minimum that would be required to locate a defendant." Moreover, Clark submitted an affidavit, in which he stated that "[a]t some point after August 2002 but before January 2003," a person identifying himself as a marshal or process server telephoned him about serving "suit papers" on him. Clark further stated in his affidavit that he told the caller to serve him at work, but no process server ever did so.

Given the statements in Clark's affidavit and the lack of specificity in the plaintiffs' affidavit regarding the time period after the expiration of the statute of limitation, we cannot say that the trial court abused its discretion in finding that plaintiffs had "failed to exercise reasonable diligence and that the delay in service was caused by the fault of plaintiffs." It follows that the trial court did not err in granting Clark's motion to dismiss or for summary judgment.

2. Plaintiffs also challenge the trial court's grant of Allstate's motion for dismissal or summary judgment. They argue that the facts in this case are similar to those in *Wilson v. State Farm &c. Ins. Co.*, 239 Ga. App. 168 (520 SE2d 917) (1999), in which we reversed the trial court's grant of summary judgment to both the defendant and the plaintiff's UM carrier. The cases are similar in some ways, but a crucial difference between them also exists. In *Wilson*, the issue involved the due diligence required for an order for publication. The UM carrier sought to have the order for publication set aside and the case dismissed because the plaintiff had not shown due diligence, and the trial court granted the motion. Id.

On appeal, we pointed out that the due diligence standard required for publication is different from that used to determine whether personal service accomplished outside the limitation period will relate back to the time of filing. *Wilson*, supra, 239 Ga. App. at 170-171. The publication standard requires no showing even that

service has been attempted; the plaintiff need only show that the defendant "has departed from the state, or cannot, after due diligence, be found within the state, or conceals himself or herself to avoid" service. OCGA § 9-11-4 (f) (1) (A). But when "the applicable statute of limitation[ for personal injury] runs between the date of filing and the date of service, the relation back of the latter to the former is dependent upon the diligence exercised by the plaintiff *in perfecting service*." (Citation omitted; emphasis supplied.) *Ga. Farm &c. Ins. Co. v. Kilgore*, 265 Ga. 836, 837 (462 SE2d 713) (1995). In *Wilson*, supra, 239 Ga. App. 168, we held that the trial court used the wrong standard to set aside the order for publication. Id. at 171-172. After considering the evidence in the record, we concluded that the plaintiff expeditiously made "substantial, repeated, and prolonged efforts" to locate the defendant. Id. at 171. Under the facts of that case, a finding of due diligence for purposes of publication was therefore mandated. Id.

Here, the trial court was not asked to vacate the order for publication; that order still stands. Instead, the UM carrier contended that plaintiffs had not exercised due diligence in serving Clark personally and that service therefore did not relate back to the time of filing. Clark was served almost two years after the complaint was filed and more than a year after the statute of limitation expired, and the record shows no efforts at all to serve him during the eighteen-month period between August 2002 and February 2004. The record does not include a transcript of the hearing on the motion for summary judgment, and we therefore "cannot determine what other evidence, if any, was before the trial court. Under these circumstances, we must presume that the court's ruling was correctly based on all the evidence presented and that the court did not abuse its discretion in granting summary judgment" to Allstate. *Walker v. Ga. Farm &c. Ins. Co.*, 207 Ga. App. 874, 876 (1) (429 SE2d 289) (1993).

In addition, we have "interpreted the Uninsured Motorist Act to require, as a condition precedent to a suit against the insurance carrier, that the insured first sue *and recover a judgment against* the uninsured motorist, whether known, or unknown." (Citation and punctuation omitted; emphasis supplied.) *Walker*, supra, 207 Ga. App. at 876 (2). Cohen and Rotenberg cannot do so, because the trial court properly concluded that they did not demonstrate due diligence in their attempts to serve Clark personally. As the trial court concluded, because Clark was dismissed on the merits, no judgment, nominal or otherwise, may be obtained against him. "And such a judgment is required in order to obtain a judgment against the plaintiffs' uninsured motorist carrier."

This conclusion comports with Georgia case law and public policy. Before the Uninsured Motorist Act was amended in 1972, even

if a known uninsured motorist could not be found and served personally, the insured could not recover from the UM carrier. The 1972 amendment permitted a plaintiff showing due diligence to obtain a "nominal judgment" against a known uninsured motorist by serving the uninsured motorist by publication. *State Farm &c. Ins. Co. v. Noble*, 208 Ga. App. 518, 519 (430 SE2d 804) (1993). But that amendment "did not eliminate the need to meet the condition precedent of a judgment against the uninsured motorist; it simply provided the means by which the condition precedent could be met." Id.

A judgment against the tortfeasor, even if it is a nominal one, is still necessary before the plaintiff may recover from the UM carrier. A determination must be made "of the uninsured motorist's tort liability before a [UM carrier] can be held accountable on its contractual obligation to its insured." (Citation and punctuation omitted.) *Noble*, supra, 208 Ga. App. at 520. The plaintiff must obtain a judgment against the known uninsured motorist unless some legal bar exists to the known uninsured motorist's liability.[1] Otherwise, "whenever a known uninsured motorist [was] not located or served, the insured would be unable to obtain a judgment against him for reasons unrelated to the merits of the claim, and the insured could simply proceed against the carrier." Id. While it would be unfair to let a carrier escape liability when a known insured cannot be personally served, it is at least equally unfair to penalize the carrier when the plaintiff does nothing to attempt to serve the known motorist personally once an order for publication has been entered.

The Uninsured Motorist Act sets forth a specific procedure for a recovery from the UM carrier. It must be followed. A nominal judgment is a condition precedent to a recovery against the UM carrier, and no judgment can be obtained against a defendant who has been dismissed on the merits. *Wilson*, supra, 239 Ga. App. at 174 (Pope, P. J., dissenting). It follows that if the plaintiff fails to exercise due diligence in serving the known uninsured motorist personally and the uninsured motorist is dismissed before the plaintiff obtains a nominal judgment, the UM carrier must be dismissed as well.[2] The trial court recognized and applied this analysis and properly granted Allstate's motion to dismiss or for summary judgment. We therefore affirm.

*Judgments affirmed. Ellington and Adams, JJ., concur.*

---

[1] The bar must be unrelated to the facts of the collision, such as bankruptcy or immunity from suit. *Noble*, supra, 208 Ga. App. at 520.

[2] The statement to the contrary in *Dunn v. Kirsten*, 273 Ga. App. 27, 29 (614 SE2d 156) (2005) is dicta and is hereby disapproved.

DECIDED FEBRUARY 1, 2006.

*Moss & Rothenberg, Robert A. Moss*, for appellants.

*Sharon W. Ware & Associates, Melynee Leftridge, Charis L. Johnson*, for appellees.