A06A0256. BUTLER et al. v. GARY, WILLIAMS, PARENTI, FINNEY, LEWIS, McMANUS, WATSON & SPERANDO, P.L. et al.

(633 SE2d 614)

SMITH, Presiding Judge.

In this legal malpractice case, Latanya Butler and her daughter, Adrianne Ray-Sears, appeal from the order granting summary judgment to the attorneys who represented them in a personal injury action arising from an automobile collision. The trial court granted summary judgment in favor of the attorneys. Butler and Ray-Sears contend that the trial court erred in four different respects in granting the attorneys' motion for summary judgment. They argue that the trial court erred in finding that no service was accomplished on the defendant in the collision litigation and that the attorneys' negligence, if any, was not the proximate cause of any damages incurred by Butler and Ray-Sears. They also maintain that regardless of whether proper service was made in the collision litigation, the attorneys' failure to exercise due diligence in effecting that service constituted professional negligence, and that the attorneys' professional negligence resulted in loss of the plaintiffs' right to pursue a claim against their own uninsured motorist insurance (UM) carrier. Because we find merit in some of these allegations, we conclude that the trial court's grant of summary judgment in favor of the attorneys must be reversed.

The record shows that a vehicular collision occurred on June 16, 1997, when a vehicle owned by Columbus Roberts and driven by Cornelius Willis crossed into an oncoming lane of traffic, colliding with a vehicle driven by Butler in which Ray-Sears was a passenger.[1] Butler filed an action against Willis and Roberts[2] on June 7, 1999 in the State Court of Clayton County. Several attempts to serve Willis personally were unsuccessful. On June 20, 2000, more than one year after the applicable statute of limitation expired, Willis was served by

---

[1] For the sake of convenience, Butler and Ray-Sears will be referred to collectively simply as "Butler."

[2] Roberts was subsequently dismissed and is not a party to this appeal.

publication to enable Butler to make a claim against her own UM carrier, State Farm, under OCGA § 33-7-11 (e). After dismissing her attorneys, in October 2000 Butler retained Melvin Robinson as her new counsel, and Robinson associated the Florida firm of Gary, Williams, Parenti, Finney, Lewis, McManus, Watson & Sperando, P.L. as lead counsel.

On March 28, 2002, almost five years after the collision and nearly three years after the statute of limitation expired, see OCGA § 9-3-33, a special agent accomplished service upon Willis by leaving a copy of the summons and complaint with an individual identified as Perez Roberts.[3] On May 6, 2002, through counsel retained by his liability insurance carrier, Willis filed a motion to dismiss or, in the alternative, for summary judgment, alleging as a ground for dismissal or summary judgment Butler's failure to exercise due diligence in serving him. This motion was granted on July 2, 2002, thereby terminating the automobile collision litigation.

Butler then filed this action against Robinson and the Gary firm (collectively referred to as "the attorneys"), alleging legal malpractice. Attached to the complaint was the affidavit of Michael D. Flint, a trial lawyer, in which Flint stated that because of the attorneys' breach of the standard of care Butler had "forever lost" the ability to recover damages from Willis, as well as the ability to make a claim against her own UM carrier. The attorneys answered, denying liability. After discovery, the attorneys filed a motion for summary judgment, and Butler filed a cross-motion for partial summary judgment as to the issue of liability. After a hearing on the motions, the trial court granted the attorneys' motion and denied that of Butler.

To prevail on a claim for legal malpractice, the plaintiff must show "(1) employment of the defendant attorney[s], (2) failure of the attorney[s] to exercise ordinary care, skill and diligence, and (3) that such negligence was the proximate cause of damages to the plaintiff." (Citations and punctuation omitted.) *Paul v. Smith, Gambrell & Russell*, 267 Ga. App. 107, 108 (1) (599 SE2d 206) (2004).

Butler's four enumerations of error pertain to that portion of the trial court's order granting summary judgment to the attorneys.

1. Butler first contends the trial court erred in stating that service was never perfected on Willis in the collision litigation. The sheriff's return of service is not included in the record, but the parties agree that on March 28, 2002, the summons and complaint were left with Perez Roberts. At the conclusion of the hearing on the motions for summary judgment, however, the trial judge stated that this

---

[3] The sheriff's return of service is not in the record, but the parties do not dispute that service was made by leaving the summons and complaint with Roberts.

service on Willis was "not service." In apparent reliance on this conclusion, the order granting summary judgment to the attorneys recites that "plaintiffs have alleged that Cornelius Willis was notoriously served on March 28, 2002. There is no evidence in the record that such service was ever perfected."

We agree with Butler that this statement is untrue when taken literally, because notorious service was accomplished on Willis; no dispute exists that he was served by publication. In addition, personal service may be effected by leaving the summons and complaint at the defendant's home with a person of suitable age and discretion. OCGA § 9-11-4 (e) (7). Of course, if Willis did not actually live at the address at which the summons and complaint were handed to Roberts, Willis was not personally served. But no evidence was presented demonstrating whether Willis resided at that address.

It is unclear what the trial court meant. It is possible that the trial court meant that it had not been shown that service on Willis was sufficient to confer personal jurisdiction over him and obtain a money judgment against him. See *Southeastern Security Ins. Co. v. Lowe*, 242 Ga. App. 535, 536 (1) (530 SE2d 231) (2000). For purposes of this opinion, however, the issue of personal service on Willis is immaterial, because regardless of whether Willis was personally served, the possibility that Butler could obtain a money judgment against him was foreclosed when the collision action was dismissed for lack of due diligence. Id.

2. Butler next asserts that the trial court erred in granting summary judgment to the attorneys, contending that they were professionally negligent in failing to dismiss the collision litigation and refile it under OCGA § 9-2-61 to avoid dismissal because of lack of due diligence in serving Willis. Service problems certainly were apparent, as the trial court in the malpractice action found, even before the attorneys began representing Butler. The parties agree that the attorneys began their representation with knowledge of those service problems. Butler asserts, however, that the finding of no due diligence in the collision suit was made with regard to these attorneys, not her previous counsel. She argues that when that finding is considered along with her expert's opinion that the attorneys breached the standard of care by failing to dismiss the suit against Willis and refile it, as provided for in OCGA § 9-2-61, the evidence is sufficient to show as a matter of law that the attorneys' lack of diligence constituted malpractice.

To prevail on summary judgment, the movant must demonstrate that no genuine issue of material fact exists and that the undisputed facts, when viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of law. *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991). A defendant movant can prevail

on summary judgment by demonstrating that the evidence in the record is insufficient to create a jury issue on one element of the plaintiff's claim. If the defendant shows this, the burden shifts to the plaintiff to present evidence that gives rise to a jury issue. Id.

Here, the evidence referred to by Butler was not the only evidence on that issue. In opposition to Butler's motion for partial summary judgment, the attorneys offered the affidavit of Robinson, one of the defendant attorneys, in which he stated his opinion that the attorneys' conduct did not breach the standard of care. In his affidavit, Robinson stated that because of the past difficulties in obtaining service on Willis, the attorneys used reasonable legal judgment in deciding not to take advantage of OCGA § 9-2-61 by dismissing and refiling the collision action. The evidence therefore is in conflict, and a genuine issue of material fact was created regarding whether the attorneys breached the applicable standard of care by failing to dismiss the collision suit and refile it, as permitted by OCGA § 9-2-61. Summary judgment in favor of either party was therefore improper on this ground.[4] See generally *Ades v. Werther*, 256 Ga. App. 8, 10 (1) (567 SE2d 340) (2002) (when material conflict in evidence exists, matter must be submitted to jury for resolution).

3. Butler maintains that the trial court also erred in concluding that the attorneys' failure to serve Willis could not be the proximate cause of Butler's damages, if any, because the statute of limitation had expired almost a year before the attorneys began their representation. According to the trial court, "[t]he case was already over. There is absolutely no evidence that Cornelius Willis could ever be served." While that is true, even if Willis was never served, a possibility still existed for Butler to recover.

Service by publication suffices for certain purposes. See generally OCGA § 9-11-4 (f) (1) (A). And under subsections (d) and (e) of OCGA § 33-7-11, a plaintiff may use service by publication on a defendant to obtain a nominal judgment, so that he or she may proceed against his or her own UM carrier. Before the attorneys began their representation of Butler, Willis was served by publication. Implicit in the entry of the order for publication is that Butler's previous attorneys, who obtained the order, were sufficiently diligent for that purpose. *Cohen v. Allstate Ins. Co.*, 277 Ga. App. 437, 439-440 (2) (626 SE2d 628) (2006). Had the attorneys used the already existing service by publication to obtain a nominal judgment against Willis before the action was dismissed, Butler could have made a claim against her UM carrier. "A judgment against the tortfeasor,

---

[4] We note that in denying Butler's motion for partial summary judgment, the trial court ruled that the issue of liability was a jury question.

even if it is a nominal one, is still necessary before the plaintiff may recover from the UM carrier. A determination must be made of the uninsured motorist's tort liability before a UM carrier can be held accountable on its contractual obligation to its insured." (Citations and punctuation omitted.) Id. at 441. But even when an order for publication exists, no judgment may be obtained if the defendant has been dismissed. Id. It follows that failure to obtain a nominal judgment against Willis before the collision action was dismissed directly and proximately caused Butler to lose her right to make a claim against and recover from her UM carrier.

Citing *Pfeiffer v. Ga. Dept. of Transp.*, 275 Ga. 827 (573 SE2d 389) (2002), the attorneys allege that because this issue was not raised below it may not be raised on appeal. Contrary to the attorneys' argument, however, this issue was raised below. It is listed specifically in Butler's expert's affidavit, supplemental affidavit, and deposition testimony, and it is argued in Butler's brief in support of opposition to the attorneys' motion for summary judgment. Butler is therefore entitled to raise it on appeal.

The parties do not address the issue of whether the attorneys' failure to attempt to obtain a nominal judgment against Willis breached the standard of care, nor is it addressed in the evidence presented in support of either motion for summary judgment. If the attorneys did breach the standard of care, the breach would certainly be a proximate cause of Butler's damages because the failure precluded her from recovering from her UM carrier. Because this issue remains for jury resolution, it provides additional support for Butler's contention that the trial court erred in granting the attorneys' motion for summary judgment.

4. In Butler's final enumeration of error, she asserts that the trial court erred in granting summary judgment in favor of the attorneys as to the entire case. Given our conclusions in Divisions 2 and 3, we must agree. We therefore reverse that portion of the trial court's order granting summary judgment in favor of the attorneys. Butler makes no contention that the trial court's denial of her motion for partial summary judgment was error, and that portion of the trial court's order is therefore affirmed.

*Judgment affirmed in part and reversed in part. Ruffin, C. J., and Phipps, J., concur.*

DECIDED JUNE 29, 2006.

*Michael G. Regas II*, for appellants.

*Gary, Williams, Parenti, Finney, Lewis, McManus, Watson & Sperando, F. Shields McManus*, for appellees.