SUMMARY ORDER
UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the district court, entered on January 15, 2008, is AFFIRMED.
Jacquelyn Barrett, former sheriff of Fulton County, Georgia, sued defendant for negligent hiring, retention, and supervision of an employee who mismanaged funds that Barrett had invested on behalf of the Fulton County Sheriffs Department. Barrett now appeals the dismissal of her complaint as untimely. Because federal jurisdiction in this case is based on diversity of citizenship, the conflict-of-law rules of the forum state, New York, determine which state’s law governs. See Cantor Fitzgerald Inc. v. Lutnick, 313 F.3d 704, 710 (2d Cir.2002); see also Klaxon Co. v. Stentor Elec. Mfg. Co., 313 U.S. 487, 496, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941). We review de novo the district court’s application of state law and its judgment of dismissal. See Salve Regina Coll. v. Russell, 499 U.S. 225, 231, 111 S.Ct. 1217, 113 L.Ed.2d 190 (1991); Vietnam Ass’n for Victims of Agent Orange v. Dow Chem. Co., 517 F.3d 104, 115 (2d Cir.2008). In so doing, we assume the parties’ familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision.
Barrett submits that the district court, instructed by New York’s “borrowing statute” to apply Georgia’s limitations period, see N.Y. C.P.L.R. § 202, committed two errors when holding that her claim was governed by the one-year limitations period set forth in Ga.Code Ann. § 9-3-33 (stating that one-year limitations period governs “injuries to [ ] reputation”). First, she contends that § 9-3-33’s one-year provision is triggered when a plaintiff seeks exclusively reputational damages, which is not the case here because Barrett also sought damages for loss of employment and earning capacity. Second, she argues that the one-year rule is particular to libel and slander claims, not the kind of negligent-hiring/retention theories underlying her suit.
We are not persuaded. The latter argument is foreclosed by the statute’s plain language, which refers generically to “injuries to the reputation” without differentiating the underlying legal theories. Ga.Code Ann. § 9-3-33. Our reading of the statute is confirmed by Daniel v. American Optical Corp., 251 Ga. 166, 304 S.E.2d 383 (1983), in which the Supreme Court of Georgia construed the “injuries to the person” component of § 9-3-33 as a “traditional general statute of limitations” whose scope “is determined by the nature of the injury sustained rather than the legal theory underlying the claim for relief.” Id. at 167, 304 S.E.2d 383. That construction logically extends to the “injuries to the reputation” component of the statute, which similarly categorizes the covered actions by reference to injury, not *796 legal theory.[2]
Applying that rule, Barrett’s claim is clearly one for “injuries to [her] reputation.” Indeed, her amended complaint-specifically seeks damages for “[h]arm to her reputation within the public realm and within the law enforcement community,” Am. Compl. ¶ 149(d), and refers repeatedly to the “negative publicity” she faced as a result of defendant’s actions, see id. ¶¶ 80, 81, 95, 97, 101, 102, 105.
Barrett’s claim is no less one for “injuries to [her] reputation” simply because she seeks damages for loss of employment, lost wages, and loss of economic capacity. Barrett’s pleadings demonstrate that these damages derive directly and exclusively from defendant’s asserted injury to her reputation. Cf. Ga.Code Ann. § 51-5-4(a)(3), (b) (stating that “special damage” is not essential to support action for defamatory statements made “in reference to [one’s] trade, office, or profession” because, in those circumstances, “damage is inferred”); Meyer v. Ledford, 170 Ga.App. 245, 246, 316 S.E.2d 804 (Ct.App.1984) (analyzing whether allegedly defamatory remarks precluded plaintiff from obtaining part-time job).
Dale v. City Plumbing & Heating Supply Co., 112 Ga.App. 723, 146 S.E.2d 349 (1965), is not to the contrary. There, the court had to decide whether an action for abuse of process, which blended elements of libel and tortious interference with business relations, was governed by a one-year or four-year statute of limitations. See id. at 725-78, 146 S.E.2d 349. It was in that context, i.e., in deciding which statute of limitations applied to the abuse-of-process claim as a whole, that the court analyzed whether the asserted tort “involve[d] an injury to a property right or only an injury to the reputation.” Id. at 725, 146 S.E.2d 349; see also McCandliss v. Cox Enters., Inc., 265 Ga.App. 377, 380, 593 S.E.2d 856 (Ct.App.2004) (recognizing that one-year limitations period for defamation actions is inapplicable to claim for tortious interference with business relations).
However difficult that line may be to draw elsewhere, it is not difficult to draw here. Because Barrett’s claims were based on injuries to her reputation, they were barred by § 9-3-33’s one-year limitations period.
The judgment of the district court is AFFIRMED.

. Neither case relied upon by Barrett undermines this principle. In Hudson v. Montcalm Publishing Corp., 190 Ga.App. 629, 379 S.E.2d 572 (1989), the court addressed an invasion-of-privacy claim premised on private — and hence personal — injuries at odds with the generally public nature of reputational harm. See id. at 633, 379 S.E.2d 572 (adopting view that invasion-of-privacy tort redresses injury " 'wholly personal in character, not depending on any effect which the publication may have on the standing of the individual in the community' ”) (quoting Hull v. Curtis Publ’g Co., 182 Pa.Super. 86, 97, 125 A.2d 644 (1956)). Indeed, the court specifically noted that the Hudson plaintiffs "did not expressly seek damages for injury to their reputation but rather to their persons." Id.
Nor does Epps v. Hin, 255 Ga.App. 370, 565 S.E.2d 577 (2002), assist Barrett. Epps addressed a Ioss-of-consortium claim — a claim not at issue here — that is governed by a distinct limitations period. See id. at 371, 565 S.E.2d 577 (observing that § 9-3-33 allows a loss-of-consortium claim to be brought within four years after accrual).