[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
July 22, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-15008

_____

D. C. Docket No. 08-01474-CV-TWT-1

TERRY EUGENE HARDEN,
individually and on behalf of all other persons
situated,
ARTHUR CHAMBERS,
individually and on behalf of all other persons
situated,

Plaintiffs-Appellants,

versus

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(July 22, 2009)

Before BLACK and MARCUS, Circuit Judges, and BUCKLEW,* District Judge.

_____

* Honorable Susan C. Bucklew, United States District Judge for the Middle District of
Florida, sitting by designation.

PER CURIAM:

Terry Eugene Harden ("Harden") and Arthur Chambers ("Chambers") appeal from the dismissal of their breach of contract suit brought against State Farm Mutual Automobile Insurance Company ("State Farm"). They also move for certification of a question of law to the Supreme Court of Georgia, to determine whether Georgia precedent in Dees v. Logan, 653 S.E.2d 735 (Ga. 2007) prohibits State Farm from asserting set-offs in the payment of uninsured motorist personal injury claims. In particular, they argue that their failure to meet the condition precedent imposed by Ga. Code Ann. § 33-7-11, requiring the insured to first obtain a judgment of liability against the uninsured motorist before bringing suit against the insurer, does not apply to their breach of contract action, and that the district court erred by not certifying their question to the Supreme Court of Georgia. After thorough review, we affirm.

I.

The relevant facts and procedural history are straightforward. Harden and Chambers independently obtained automobile insurance with State Farm; both men carried plans that included uninsured motorist and medical payment coverage, and each respectively paid all premiums and fulfilled all contractual obligations.

On October 5, 2007, while driving a covered motor vehicle, Harden was

injured in a collision with an uninsured motorist. Harden claimed personal injury damages under his policy, and State Farm offered to settle the claim for $250, which was later increased to $750. As part of the offer, State Farm asserted that if it settled the claim, it would be entitled to a set-off (credit) in the amount of $2,000 under the medical payment coverage portion of the policy. Harden did not accept the settlement payment, nor did he first file suit against the uninsured motorist to obtain judgment, nor, finally, did he pursue any other legal claim against the uninsured motorist.

On November 28, 2004, while driving a covered motor vehicle, Chambers, in an unrelated accident, was injured in a collision with an uninsured motorist. Chambers similarly claimed personal injury damages under his policy with State Farm. Unlike Harden, Chambers filed suit against the uninsured motorist to obtain a judgment of liability for the accident, a condition precedent under Ga. Code Ann. § 33-7-11 to pursuing collection of uninsured motorist benefits from his insurer, State Farm. Just as with Harden, State Farm offered to settle Chambers' claim for $1,000 but asserted, as part of the offer, that if it paid Chambers, it would be entitled to a set-off in the amount of $2,652 under the medical payment coverage portion of the policy. Unlike Harden, Chambers accepted the settlement from State Farm with full knowledge of this set-off arrangement, and dismissed his suit

3

against the uninsured motorist with prejudice.

On March 18, 2008, Harden and Chambers filed a putative class action complaint against State Farm in Georgia Superior Court on behalf of themselves and persons similarly situated, alleging breach of their insurance contract. In relevant part, the complaint alleged that:

13. On October 5, 2007, Mr. Harden, while driving a motor vehicle insured under the Harden policy, was injured in a collision with an uninsured motorist (as defined by Georgia law).

14. Mr. Harden made a proper and timely claim for personal injury damages in accordance with the UM coverage provisions of the Harden policy. After being fully apprised of the nature and extent of Mr. Harden's injuries and his damages, including medical expenses, State Farm offered to settle Mr. Harden's claim for $250, which offer was later increased to $750.

15. In evaluating and offering to settle Mr. Harden's UM personal injury claim, State Farm asserted that it was entitled to a set-off or credit for med-pay benefits paid on account of Mr. Harden's injuries under the Harden policy, in the amount of $2,000. Under Georgia law, State Farm is not entitled to assert or take a credit or set-off for any additional benefits received by a UM policyholder on account of personal injuries.

. . . .

24. On November 28, 2004, Mr. Chambers, while driving a motor vehicle insured under the

4

Chambers policy, was injured in a collision with an uninsured motorist (as defined by Georgia law)

25. Mr. [Chambers] made a proper and timely claim for personal injury damages in accordance with the UM coverage provisions of the [Chambers] policy. After being fully apprised of the nature and extent of Mr. [Chambers'] injuries and his damages, including medical expenses, <u>State Farm offered to settle Mr. [Chambers'] claim for $1,000, which offer was accepted by Mr. Chambers</u>

26. <u>In evaluating and offering to settle Mr. Chambers' UM personal injury claim, State Farm asserted that it was entitled to a set-off or credit</u> for med-pay benefits paid on account of Mr. Chambers' injuries under the Chambers policy, in the amount of $2,652

27. State Farm's assertion of a right to a set-off or credit against Mr. Chambers's personal injury UM claim in an amount equal to the med-pay benefits paid under the [Chambers] policy, and the failure by State Farm to pay or offer to pay Mr. Chambers for all personal injury damages he sustained under the UM coverage provisions of the [Chambers] policy, constitute breaches of State Farm's contractual obligations.

(Compl. at 4-6) (emphasis added). Notably, the complaint specified nothing further about settlement negotiations, nor about Harden or Chambers' reliance on State Farm's offers to settle.

Essentially, then, Harden and Chambers alleged that, under Georgia law, State Farm was prohibited from reducing uninsured motorist benefits owed to

5

policyholders for personal injuries by the amount of benefits paid by other sources, such as medical payment benefits; and that State Farm's practices therefore violated controlling Georgia precedent in Dees v. Logan, 653 S.E.2d 735 (Ga. 2007). Harden and Chambers sought to recover monetary damages in the amount of the set-off credits that State Farm deducted from their claims, as well as injunctive and declaratory relief, and legal and attorney's fees pursuant to Ga. Code Ann. § 13-6-11.

State Farm timely removed the case to the United States District Court for the Northern District of Georgia, and, on April 25, 2008, filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), alleging that Harden and Chambers had improperly brought a direct action against State Farm without first obtaining a judgment against the alleged uninsured motorists, pursuant to the requirements of Georgia's insurance law embodied in Ga. Code Ann. § 33-7-11. Soon thereafter, Harden and Chambers moved to certify the following question to the Supreme Court of Georgia:

> Whether, under the holding of Dees v. Logan, 282 Ga. 815 (Ga. 2007), an uninsured motorist carrier may reduce uninsured motorist personal injury benefits by the amount of automobile medical payments coverage received by a policyholder on account of the same injuries.

The district court granted State Farm's motion to dismiss, concluding that both

6

claims were barred by Ga. Code Ann. § 33-7-11 because neither Harden nor Chambers had obtained judgment against the alleged uninsured motorists involved in their accidents before bringing the direct action against State Farm, and the complaint did not otherwise allege that State Farm had waived the condition precedent. The district court did not rule on the motion for certification.

This appeal timely ensued.

## II.

We review de novo a district court's grant of a Rule 12(b)(6) motion to dismiss for failure to state a claim, "accepting the allegations in the complaint as true and construing them in the light most favorable to the plaintiff." Mills v. Foremost Ins. Co., 511 F.3d 1300, 1303 (11th Cir. 2008) (quoting Castro v. Sec'y of Homeland Sec., 472 F.3d 1334, 1336 (11th Cir. 2006)). The factual allegations in a complaint need not be detailed but "must be enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). "Stated differently, the factual allegations in a complaint must 'possess enough heft' to set forth 'a plausible entitlement to relief.'" Fin. Sec. Assur., Inc. v. Stephens, Inc., 500 F.3d 1276, 1282 (11th Cir. 2007) (quoting Twombly, 550 U.S. at 557, 559).

"Where there is doubt in the interpretation of state law, a federal court may

7

certify the question to the state supreme court to avoid making unnecessary Erie guesses and to offer the state court the opportunity to interpret or change existing law." Union Planters Bank, N.A. v. New York, 436 F.3d 1305, 1306 (11th Cir. 2006) (quotation marks and citation omitted). Federal district courts may also certify open questions of law under the Georgia state constitution and relevant state statutes to the Supreme Court of Georgia. 1983 Ga. Const. art. VI, § 6, ¶ IV; Ga. Code Ann. § 15-2-9; Ga. Sup. Ct. R. 46-48. However, the decision to certify a question is discretionary. Escareno v. Noltina Crucible and Refractory Corp., 139 F.3d 1456, 1461 (11th Cir. 1998).

Under Ga. Code Ann. § 33-7-11,[1] also known as the Uninsured Motorist Act, all automobile insurance polices issued in Georgia must contain uninsured motorist protection unless the coverage is rejected by the insured. The Georgia courts, however, have "interpreted the Uninsured Motorist Act to require, as a condition precedent to a suit against the insurance carrier, that the insured first sue

---

[1] The Uninsured Motorist Act provides, in part, that

> [n]o automobile liability policy or motor vehicle liability policy shall be issued or delivered . . . unless it contains an endorsement or provisions undertaking to pay the insured damages for bodily injury, loss of consortium or death of an insured or for injury to or destruction of property of an insured . . . sustained from the owner or operator of an uninsured motor vehicle.

Ga. Code Ann. § 33-7-11(a)(1).

and recover a judgment against the uninsured motorist, whether known, or unknown." Cohen et al. v. Allstate Ins. Co., 626 S.E.2d 628, 631 (Ga. Ct. App. 2006) (quoting Walker v. Ga. Farm Bureau Mut. Ins. Co., 429 S.E.2d 289, 291 (Ga. Ct. App. 1993)). "A judgment against the tortfeasor, even if it is a nominal one, is still necessary before the plaintiff may recover from the [uninsured motorist] carrier. A determination must be made 'of the uninsured motorist's tort liability before a [UM carrier] can be held accountable on its contractual obligation to its insured.'" Cohen, 626 S.E.2d at 632 (quoting State Farm Mut. Auto. Ins. Co. v. Noble, 430 S.E.2d 804, 805 (Ga. Ct. App. 1993)); Butler v. Gary, 633 S.E.2d 614, 618 (Ga. Ct. App. 2006) (same).[2]

Here, it is undisputed that neither of the appellants have obtained a judgment against the uninsured motorists involved in their accidents. Harden never attempted to sue the uninsured motorist involved in his accident, and Chambers dismissed his complaint against the uninsured motorist when he settled his claim

---

[2] There are several instances where Georgia state courts have allowed policyholders to bring suit against an insurer without first fulfilling the statutory precondition, but these cases involved a request for a declaratory judgment only, or a pure interpretation of insurance coverage -- in neither instance was there a request for monetary relief by the insured. See State Farm Mut. Auto. Ins. Co. v. Lorenz, 413 S.E.2d 782 (Ga. Ct. App. 1991) (policyholder permitted to bring suit against insurer for declaratory judgment to determine whether she could stack coverage, without fulfilling precondition); Zilka v. State Farm Mut. Auto. Ins. Co., 662 S.E.2d 777 (Ga. Ct. App. 2008) (policyholder permitted to bring breach of contract suit against insurer without first obtaining judgment against uninsured motorist, to determine solely whether coverage of policy had lapsed under the contract).

9

with State Farm. Under controlling Georgia law, therefore, both Harden and Chambers are barred from bringing this direct action claim against State Farm.

Moreover, neither Harden nor Chambers has pled the possibility that State Farm waived the condition precedent under Ga. Code Ann. § 33-7-11. Under Georgia law, the condition precedent imposed by Ga. Code Ann. § 33-7-11 may be waived in certain circumstances "where the insurer has led the insured to believe that the insured will be paid without suit by its actions in negotiating for settlement or direct promises to pay." Jones v. Cotton States Mut. Ins. Co., 363 S.E.2d 303, 306 (Ga. Ct. App. 1987) (quotation marks and citation omitted); see also Matia v. Carpet Transp., Inc., 888 F.2d 118, 121 (11th Cir. 1989) (noting that under Georgia law, when an insurance company "tells its insured that the insured need not satisfy the policy's provisions concerning a condition precedent to recovery, the insurer waives that condition precedent.").

Thus, for example, if an insurance company leads a policyholder to believe that it will pay on a claim without requiring the policyholder to engage in any legal action, under Georgia law the insurer may be estopped from later invoking the condition precedent -- especially if the statements or actions by the insurer caused the policyholder to forfeit the ability to bring suit within the time frame provided by the statute, or to dismiss a pending suit with prejudice. See Nat'l Indem. Co. v.

10

<u>Berry</u>, 221 S.E.2d 624, 631 (Ga. Ct. App. 1975) (noting that an insurer will be estopped from invoking the condition precedent if it has led an insured to believe that payment would be forthcoming without any legal action); <u>Gen. Ins. Co. of Am. v. Lee Chocolate Co.</u>, 103 S.E.2d 632, 634 (Ga. Ct. App. 1958) (recognizing cases of waiver where the insurer purposefully misled the policyholder).

In this case, however, even construing the pleadings in a light most favorable to Harden and Chambers, we are still constrained to conclude that there are no facts pled in this complaint that assert or even implicitly suggest any waiver of the condition precedent imposed by Ga. Code Ann. § 33-7-11. The complaint does not assert, nor even imply any back-and-forth bargaining on State Farm's behalf that suggests the possibility that State Farm affirmatively and deceptively led Harden into believing no legal action was necessary against the uninsured motorist. Nor does Harden aver anything at all indicating that there were constant or repeated assurances that a lawsuit was unnecessary, and that the insurance provider was ready to settle according to the policyholder's terms. Rather, the portion of the complaint relating to Harden's claim simply says:

> After being fully appraised of the nature and extent of Mr. Harden's injuries and his damages, including medical expenses, <u>State Farm offered to settle</u> Mr. Harden's claim for $250, which offer was later increased to $750.

(Compl. at 4) (emphasis added).

11

The offer of settlement from State Farm indicated that it would pay Harden's claim without further litigation. But Harden has alleged nothing that could even remotely lead one to believe that there was any kind of fraudulent conduct that might require estoppel, or permit a finding of waiver. Plainly, under Georgia law, the "[m]ere negotiation for settlement . . . is not that type of conduct designed to lull the claimant into a false sense of security so as to constitute a waiver of the limitation defense." Allstate Ins. Co. v. Sutton, 658 S.E.2d 909, 913 (Ga. Ct. App. 2008) (quoting Ga. Farm Bureau Mut. Ins. Co. v. Pawlowski, 643 S.E.2d 239, 241 (Ga. Ct. App. 2007)).

Finally, we observe that Harden did not accept the settlement offer, and still had an abundance of time to file suit against the uninsured motorist involved in his accident. He was in no way prejudiced by the offer of settlement, and we cannot say based on the allegations in this complaint that State Farm was charged with having done anything that would constitute a waiver of the condition precedent of § 33-7-11.

The only difference in the facts pled between Chambers and Harden is that Chambers initially commenced suit against the uninsured motorist, but dropped it, after accepting State Farm's settlement offer. Again, however, there is not even the slightest suggestion in the complaint that State Farm waived the condition

precedent (which, after all, required <u>first</u> obtaining a judgment against the uninsured motorist), nor that State Farm misled Chambers in any way. Rather, Chambers seems to challenge the terms of the settlement agreement itself -- even though the complaint plainly says that Chambers entered in the agreement <u>knowing</u> that State Farm intended on asserting a set-off for medical payments already received. Again, nothing has been pled that suggests any exception under Georgia law from the condition precedent.

Because the appellants have not satisfied the statutory condition precedent of Ga. Code Ann. § 33-7-11, nor pled that State Farm somehow waived the condition precedent, or purposefully misled them, we affirm the district court's dismissal of the claim. We, therefore, find it unnecessary to certify any question about the nature of State Farm's set-off to the Supreme Court of Georgia.

**AFFIRMED.**